# Dennis *v*. Mobile & Montgomery Railway Co. *et al.*
# and
# Mobile & Montgomery Railway Co. *et al. v.* Dennis.

*Bill in Equity to enjoin Public Nuisance.*

1. *Public nuisance; when bill cannot be maintained by private
   citizen.*—The jurisdiction of a court of equity to restrain a
   public nuisance at the suit of a private individual, is exer-
   cised only where the individual has a legal right and is with-
   out adequate remedy for its enforcement; and, therefore, in
   order for a private individual to maintain a bill for such
   purpose. it must be averred and shown, not only that the
   complainant will sustain some special injury peculiar to him-
   self, distinct and independent of the general injury to the
   public, but it must also be averred and shown that the in-
   jury will be irreparable, or will be such that complete com-
   pensation therefor cannot be obtained in a single action at
   law.
2. *Same; same; right of owner of property abutting on a street
   to have railroad company remove depot building from across
   said street.*—In a bill in equity the following facts were
   averred: complainant owned a lot abutting on Lee street
   in the city of Montgomery. At the head of said street the de-
   fendant railroad companies had erected a union depot. Just
   south of said union depot, between it and complainant's lot,
   the defendants had built across Lee street a freight depot.
   An ordinance of the city of Montgomery, referred to in the
   bill. authorized the defendant to erect said buildings at such
   places, it being provided therein that the defendant should
   maintain private streets around the freight depot, whereby
   a way of approach to the union station from Lee street was

[Dennis v. Mobile & Montgomery Railway Co. et al.,
and
Mobile & Montgomery Railway Co. et al. v. Dennis.]

secured. The complainant's lot was 400 feet from the freight depot, and it was averred that said lot was so situated "as to make it very valuable for the purpose of a modern hotel and retail stores, and that the house now on said lot is used as a boarding house for the accommodation of the traveling public and residents of Montgomery, and that by reason of said freight depot destroying access on Lee street between the union depot and the property of complainant. travel is diverted from Lee street to other streets, and as a result thereof, complainant's property is irreparably damaged and will never be valuable for the purpose above stated, * · * * and that the loss and injury" to complainant cannot be estimated in money, nor adequately compensated by pecuniary damages; that such appropriation of the street by the railroad was a continuing nuisance, "of special and particular damage to complainant beyond the injury the public generally has sustained," and will continue to be more injurious in the near future. The prayer of the bill was .that defendants be enjoined from keeping possession of that part of Lee street now closed up by said freight depot, and that they be required to move said freight depot from across said street and to abate the nuisance occasioned thereby. *Held:* such bill is without equity in that it fails to show any right on the part of the complainant to maintain it; he having a full remedy at law for such injury as the averments of the bill show he had sustained, and for which he sought redress.

3. *Equity pleading; when sufficiency of plea to a bill need not be determined.*—Where a bill in chancery is without equity and subject to a demurrer interposed thereto, it is not necessary to determine the sufficiency of a plea in bar· filed by the defendant.

APPEAL from the City Court of Montgomery, in Equity. Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by J. M. Dennis against the Mobile & Montgomery Railway Company and the Louisville & Nashville Railroad Company. The particulars of the bill and the facts averred therein are sufficiently shown in the opinion.

The defendants filed three pleas. By the first two of these pleas the respondent set up that complainant was estopped from maintaining the present suit, and in the third plea the respondents set up that the construction

[Dennis v. Mobile & Montgomery Railway Co. *et al.*,
and
Mobile & Montgomery Railway Co. *et al.* v. Dennis.]

of a freight depot across Lee street was under rights
granted by ordinance passed by the city of Montgom-
ery, and that said ordinance was likewise ratified and
confirmed by an act of the legislature, and that there-
fore such structure was legal, and that neither the com-
plainant nor the court had power to abate the same.
To each of these pleas the plaintiff filed separate excep-
tions.

The respondents demurred to the bill upon several
grounds, among which were the following: "1. The bill
fails to show when complainant became the owner of
the property on Lee street, nor are facts set forth in the
bill showing how or in what manner the erection of said
freight depot injured or damaged or will injure or dam-
age the property of complainant, or his rights in the
premises. 2. The bill joins with complaint any other
citizen having the same right as complainant, and it
makes no case which entitles any other person than
complainant to join in his said bill. 3. Complainant
does not show by his bill that he suffers any injury other
than that common to the public and other persons own-
ing property on Lee street. 4. Complainant does not
show by his bill any special injury to himself apart from
that common to the public generally. 5. That complain-
ant does not show in and by his bill that any of the pe-
culiar rights pertaining to him as an abutting proprie-
tor on the street have been in any way injured or im-
paired, nor does complainant show that his easement of
access, air and light in Lee street, has been sub-
stantially impaired or injured, or that any sub-
stantial or practical injury has been done him
in these respects by the erection of the freight
depot, and the use of a part of Lee street, com-
plained of in the bill. 6. The bill shows that the ele-
ments of the alleged injury and damage to complainant
are remote and speculative and furnish no ground of
complaint. 7. The bill shows that the elements of the
alleged injury and damage to complainant are remote
and speculative, and furnish no ground of complaint,
and do not furnish grounds for granting the relief pray-

[Dennis v. Mobile & Montgomery Railway Co. *et al.*,
and
Mobile & Montgomery Railway Co. *et al.* v. Dennis.]

ed by complainant, or any other relief that can be afforded him under the prayer for general relief. 8. Because upon the facts stated by the bill it does not appear that any property of complainants has been taken, damaged, destroyed or injured, by the erection of said freight depot, or the use of said part of Lee street as complained of in the bill."

On the submission of the case upon the demurrers to the bill and exceptions to the pleas, the chancellor rendered a decree overruling the demurrers and sustaining the exceptions to the first and second pleas, and overruling the exceptions to the third plea. From this decree there were cross appeals, respondents assigning as error that portion of the decree of the court overruling the demurrers to the bill, and in sustaining the exceptions to the first and second pleas; and the complainant assigning as error that portion of the decree overruling his exceptions to the third plea.

O. C. MANER and A. L. TYSON, for Dennis.—It is well settled by a long line of decisions and by text writers, that one sustaining a special injury to himself may maintain a bill to have a public nuisance abated.— *Douglas v. City Council*, 118 Ala. 599; *Kennedy v. Jones*, 11 Ala. 63; *Nininger v. Norwood*, 72 Ala. 277; *Warren v. Lyons City*, 22 Iowa, 351; *Gilman v. Philadelphia*, 3 Wall. 713.

The appellees and cross-appellants knew the character of their title to this street, and the appellant owed them no duty to object to the construction of their freight depot. The appellees and cross-appellants knew they had no title to this street. They knew they were creating a public nuisance when they were constructing their depot across same, and they knew that the appellant, or any one specially injured thereby would have a right to have same abated at any time he saw fit, because prescription can never justify a nuisance.—*Webb v. Demopolis*, 95 Ala. 116; *Dabell v. Williams*, 28 So. Rep. 405.

[Dennis v. Mobile & Montgomery Railway Co. *et al.*,
and
Mobile & Montgomery Railway Co. *et al.* v. Dennis.]

J. M. FALKNER and CHAS P. JONES, for Railroad Companies.—Complainant shows no injury other than that common to himself and the public, and therefore cannot maintain a bill in the present case. Complainant not being an abutting proprietor along that part of Lee street occupied by the freight depot, and such use of the street not in any way peventing his access to his own property on Lee street, and not interfering with his easement of air or light,—none of his property has been taken, injured or destroyed; and the injury or damages done his rights, if any, is not such a substantial one as authorizes a court of equity to interfere for the specific relief prayed, but entitles him only to his action at law for any injury he may have suffered.—High on Injunctions, §§ 762, 827; *Wharton v. Hannon,* 101 Ala. 554; *Chambers v. Ala. Iron Co.,* 67 Ala. 352; *Davis v. Sowell,* 77 Ala. 262; *McBryde v. Sayre,* 86 Ala. 458; 5 So. Rep. 791; *Clifton Iron Co. v. Dye,* 87 Ala. 468; *Steele v. Sullivan,* 70 Ala. 589; *Gage & Co. v. M. & O. R. R.,* 84 Ala. 224; *Whaley v. Wilson,* 120 Ala. 502.

It needs no citation of authorities to show that no court can treat as illegal, or as a nuisance, that which the sovereign expressly authorizes, and when a structure, used for a public purpose, is legalized in a street by the sovereign, no court has power to abate it; but must confine its functions solely to enforcing compensation. The law as to this is elementary and without dispute. The fact that property is devoted or dedicated to one public use presents no obstacle whatever to its being taken for another public use, which the legislature may deem of more importance. All property, that is now held, is subject to be taken for whatever public use the legislature may see fit to authorize. The power of the legislature in this respect is absolute, save that the taking must be for a public use and compensation must be made to the owner. The right inheres in all governments as an attribute of sovereignty, and is absolute save as restrained by the constitution . This is the uniform language of the text books and the decisions.

[Dennis v. Mobile & Montgomery Railway Co. *et al.*,
and
Mobile & Montgomery Railway Co. *et al.* v. Dennis.]

The question was settled in Alabama nearly forty years ago, in *A. & F. R. R. v. Kenny*, 39 Ala. 310. See also, *People v. B. & O. R. R.*, 117 N. Y. 155; Mills on Eminent Domain, § 45; 1 Lewis' Eminent Domain, (2nd ed.), § 135; 2 Dillon's Municipal Corporation, (4th ed.), §§ 656-7; Woods on Railroads, (ed. 94), § 328, p. 842 *et seq.; Cincinnati R. R. v. Bell Centre*, 48 Ohio State, 273; *Old Colony R. R. Co. v. Farmingham Water Co.*, 153 Mass. 561; *Brainard v. Missisquouy R. R.*, 48 Vermont 107; *Philadelphia Passenger R. R. Co's Appeal*, 102 Penn. State, 123.

SHARPE, J.—In April, 1896, the city council of Montgomery adopted an ordinance embodying an agreement with the defendants wherein it was stipulated among other things, that the defendant the Mobile and Montgomery Railroad Company should erect a freight station building not less than 535 feet long and two stories high on a strip of land which extended across what had to that time been a part of Lee street at or near the north end of that street, and also to erect on the north side of the freight building and parallel therewith a passenger depot building 309 feet in length, and to maintain a private street not less than 35 feet wide along the south side of the freight building, so as to intersect an alley at that building's east end, and a street at its west end, and also to maintain a private street extending past and between the two buildings; and it was further stipulated that in consideration of those and other specified undertakings, Lee street should terminate where it intersects the property of the Mobile and Montgomery Railroad Company, and that the portion of it extending northward beyond that point of intersection, including the site of the proposed freight building, should be discontinued and abolished as a street.

The foregoing and some other statements to be herein made are condensed from the amended bill, including exhibits thereto, which comprise the ordinance referred to and maps of the locality. Words we use to indicate directions are to be understood as only approximately correct.

[Dennis v. Mobile & Montgomery Railway Co. *et al.*,
and
Mobile & Montgomery Railway Co. *et al.* v. Dennis.]

The bill alleges in substance that one or the other of defendants has caused to be erected a magnificent and imposing structure along Water street immediately at the head of Lee street along the Alabama river, known as the Union Depot, and that one or the other of the defendants has caused to be built a two-story freight warehouse across Lee street, and that these buildings are controlled and operated by the defendant, the Louisville & Nashville Railroad Company. The map shows this union depot building occupied the site designated for the passenger depot in the ordinances mentioned, and that the freight warehouse is where, according to the ordinances, the freight building was to be. The bill further alleges in substance that the city council had no power to abolish Lee street or to authorize the maintenance of the freight building or the standing of cars in that part of the street and that the freight building prevents Lee street from being used as a means of connection and travel from any part of the city to the union depot, and that complainant owns a lot which fronts on the west side of Lee street. We quote from the bill that this lot is "situated about 600 feet from said union depot and is located in such manner as to make it very valuable for the purpose of a modern hotel and retail stores, and that the house now on said lot is used as a boarding house, for the accommodation of the traveling public as well as the people residing in the city, and that by reason of said freight depot destroying the access on Lee street between the union depot and the property of complainant, travel is diverted from Lee street to the other streets, and as a result thereof complainant's property is irreparably damaged and will never be valuable for the purposes above stated as long as said depot remains across said street, and his boarding house is now damaged in that a great portion of the traveling patronage of boarding houses is diverted to other streets and to other boarding houses;" and "that the loss and injury to the orator in diminishing the value of his property facing and abutting on and along said street, can not be estimated in money, nor adequately compensated for by pecuniary damages,

[Dennis v. Mobile & Montgomery Railway Co. *et al.*,
and
Mobile & Montgomery Railway Co. *et al.* v. Dennis.]

and that such occupation and appropriation by said railroad companies of said street is a daily and continuing nuisance of special and particular injury to your orator beyond the injury which the public generally has sustained thereby and now greatly injures orator, and will continue to be more injurious and damaging to him in the near future. That said structure as well as closing up said Lee street greatly impairs not only your orator's personal right to use and enjoy the street, but the right of the general public as well to use and enjoy the same." The bill also alleges that the freight warehouse was built "without orator's consent and without condemning or otherwise assessing the damages he has sustained," and that it is a "private nuisance, as well as an invasion of the vested rights of orator and the public generally."

The prayer for relief is in substance that defendants be enjoined from keeping in possession the part of Lee street now closed up by the warehouse and from standing cars or locomotives on or near that street and from making other use of that street than what is reasonable in moving cars and engines, and that they be required to remove the freight depot from across the street and to abate the nuisance occasioned thereby, and for general relief.

The jurisdiction which exists in equity for the restraint of public nuisances at the suit of a private individual is not original but is supplementary, to remedies at law. It is exercised only where the individual has a legal right and is without the adequate remedy for its enforcement. Hence a bill filed by a private individual for such purpose, must not only show the complainant will sustain injury distinct from that he will suffer in common with other members of the public, such as would furnish the basis for an action at law, but it must go further, and show that the injury from the nuisance will be irreparable or will be such that complete compensation therefor cannot be obtained in a single action at law.—Wood on Nuisances, § 820; Pom. Eq. Jur. §§ 1347, 1349; Elliott on Roads and Streets, § 665; 14 Ency. Pl. and Pr. 1122, *et seq.*; 1 High on Inj. § 739.

[Dennis v. Mobile & Montgomery Railway Co. et al.,
and
Mobile & Montgomery Railway Co. et al. v. Dennis.]

This principle also inheres in the law relating to private nuisances.—*Rouse v. Martin*, 75 Ala. 510; *Nininger v. Norwood*, 72 Ala. 277; Pom. Eq. Jur. § 1350.

The injury will be considered irreparable where the resulting damage will be incapable of being measured by a pecuniary standard, and generally where without assistance in equity, the injured party must suffer invasion of his substantial rights without compensation. Elliott on Roads and Streets, § 665. And there is inadequacy of legal remedy when reparation, if sought in the law forum, would involve a multiplicity of suits by the same plaintiff.—*Nininger v. Norwood, supra;* Pom. Eq. Jr. § 243. And also where a judgment, if obtained, would be uncollectible.—High on Inj., § 717.

The averment of a mere conclusion as to such inadequacy, or as to the irreparable character of the injury, without the averment of facts to support the conclusion, is insufficient.—*Kellar v. Bullington*, 101 Ala. 267; *Bolling v. Crook*, 104 Ala. 130. For an injury to real property of a permanent character, without other special damage, the depreciation of the market value of the land furnishes the measure of damages and such damages are in a case, proper in other respects, recoverable in a single action at law.—*H. A. & B. R. R. Co. v. Mathews*, 99 Ala. 24; Wood on Nuisances, 869; 3 Sedgwick on Damages, (8th ed.), 465, 476; *Nashville v. Comer*, 88 Tenn. 415; *Ottenot v. etc. R. R. Co.*, 119 N. Y. 603.

The averments of the bill concerning the adaptation of complainant's property for hotel and boarding house purposes, and the alleged diversion of patronage from the house, go no further than to show an impairment of the property's value as resulting from the hindrance of a particular use. They raise no question as a loss of profits of business and do not show even that the complainant is conducting the boarding house. Besides an interference with the rights of travel common to him and the general public, alleged diminution in the property-value by reason of the situation of the freight ware house, constitutes the sole basis of complainant's claim of injury.

42c

[Dennis v. Mobile & Montgomery Railway Co. *et al.*,
and
Mobile & Montgomery Railway Co. *et al.* v. Dennis.]

If it be assumed that the city council was without power to authorize the erection of the warehouse on the site it occupies and that the same forms an obstruction in Lee street and a nuisance, public or private, causing actionable injury to complainant's property, yet the obstruction being permanent and no insolvency of defendants being shown, a single action at law for damages would furnish a full remedy for such injury, and, hence, a resort to equity for the mere purpose of abating a nuisance is unwarranted.

This case is unlike that of *First National Bank v. Tyson*, 133 Ala. 459, wherein the defendant in the bill was enjoined from projecting columns of its building into the sidewalk so as to obstruct the light, air and view about the entrance of an adjoining building owned by the complainant in that suit It is also unlike *Douglass v. City Council of Montgomery*, where at the suit of one held to be an adjacent proprietor entitled to have view of and light and recreation from grounds dedicated to public use as a park, a bill was entertained to prevent the city from diverting the park to another use. That which will deprive of light, air or view about a building in the manner complained of in these two last mentioned cases may or may not impair the value of a building thereby affected, but it may also produce and threaten damage to the form of continuous or recurrent discomfort which would be incapable of measurement by any pecuniary standard and which, therefore, could not be recovered for in an action at law. In *Webb v. City of Demopolis*, 95 Ala. 116, the suit was brought by the municipality and not as here by a private individual.

Complainant's lot being, according to averments of the bill, 600 feet from the union depot, is shown by the map exhibited in the bill to be more than 400 feet from the warehouse, which distance locates the lot southward of the warehouse, and southward of the point where Tallapoosa street, running east and west, crosses at right angles, Lee street and the streets which run next to and parallel with Lee on the east side, and those which run

next to and parallel with Lee on its west side. Thus the bill discloses, that over the space between complainant's lot and the union depot and the warehouse, access to and egress from Lee street and complainant's lot, is afforded not only by way of the private streets, which defendants agreed with the city council to keep open along the warehouse, but by way of Tallapoosa street and its connections. Such being the situation of the lot, condemnation of it for purposes of the freight house would not have been authorized by our statutes relating to the exercise of the right of eminent domain (*New and Old Decatur R. Co. v. Karcher*, 112 Ala. 676), nor has there been had or threatened such taking of or proximate injury to the lot as entitles complainant to compensation or injunctive process under the constitutional provisions relating to eminent domain.—Lewis on Em. Dom. § 134; *Buhl v. Fort St. Union Depot Co.* (Mich.) 23 L. R. A. 392; *Chicago v. Union B'l'dg Asso.* 102 Ill. 379; 40 Am. Rep. 598; *East St. Louis v. O'Flynn*, 119 Ill. 200; *McGee's App.* 114 Pa. 477; *Glasgow v. St. Louis*, 107 Mo. 204.

The bill lacks equity and was subject to the demurrer. The sufficiency of a plea to a bill which is without equity is not determinable. The decree overruling the demurrer to the bill will be reversed on the appeal of defendants, and in so far as a review thereof is sought on complainant's appeal the decree will be affirmed.

TYSON J., and DOWDELL, J., not sitting.