# Town of New Decatur *v.* Scharfenberg

*Bill to Enjoin Change of Grade of Street.*

(Decided June 30th, 1906.  41 So. Rep. 1025.)

1. *Municipal Corporations; Change of Grade of Street; Damages; Remedies of Property Owners.*—The property owner is entitled to injunctive relief, irrespective of the city's solvency or of the fact that he might obtain full compensation at law, where the municipality undertakes to change the grade of a street to the injury of the property abutting thereon, without first having compensated the owner.
2. *Same; Damages; Waiver.*—The fact that the owner of property abutting on a street petitioned the municipality for the pav-

[Town of New Decatur v. Scharfenberg.]

ing of the same is not a waiver of damages resulting from a change of grade in constructing the pavement.

3.  *Same; Remedies of Property Owner.*—The city having commenced to change the grade of a street without compensating the owner of the property abutting thereon for injury thereto, the property owner may, by bill for injunction, have the street restored to its former condition.

4.  *Injunction; Motion to Dissolve New Matter; Effect.*—On a motion to dissolve the injunction, new matter not responsive to the allegations of the bill cannot be considered.

5.  *Same; Terms of Dissolution.*—It was proper to have dissolved the injunction on the city's making a cash deposit and executing a bond to cover probable damages to be ascertained on a reference, in a suit by the owner of abutting property for an injunction to restrain a change of the grade without having made compensation therefor.

6.  *Appeal; Decisions Reviewable; Equity; Decree Overruling Plea to Bill.*—The judgment of this court may be had upon the sufficiency of a defense interposed by plea in advance of the taking of the evidence or a hearing on the merits, under Section 427, Code 1896.

7.  *Equity; Setting Plea for Hearing; Effect.*—The setting down of a plea to a bill for hearing on its sufficiency is an admission of the truth of all the facts alleged for the purpose of invoking judgment as to whether the facts constitute a defense.

8.  *Same; Pleas; Necessity of Verification.*—In the absence of any rule or statute requiring it pleas to a bill in chancery need not be verified.

9.  *Same; Duplicity.*—A plea is not duplicitous which does not contain independent sets of facts, each constituting a sufficient defense.

10.  *Municipal Corporations; Changing Grade of Street; Damages; Waiver.*—If the owner of property abutting on a street has been informed of a proposed change of grade and thereupon requested the official in charge of the work to proceed with it, and the city, acting upon such request, incurred expenses in preparing for the change of grade, and commenced the work, the owner was not entitled to an injunction, although no compensation has been paid him.

11.  *Same; Nature of Liability; Remedies of Owners.*—The fact that there has been no negligence in or about the way in which the work was done in making the change, does not deprive the owner of abutting property of the right to have the street restored to its former condition, where the city undertakes to

[Town of New Decatur v. Scharfenberg.]

change the grade without making compensation to the owner for injury done the property.

12. *Equity; Pleading; Bill; Sufficiency; Dismissal.*—The allegations of a bill which is clearly susceptible to the construction that the right of the complainant is predicated upon the injury to his property interest in the lot abutting the street, the grade of which is proposed to be changed, and which the bill showed would be substantially injured, although susceptible of the construction that he based his relief to some extetnt on his supposed property interest in the street, does not render the bill subject to dismissal fcr want of equity, the defect being an amendable one.

APPEAL from Morgan Chancery Court.

Heard before HON. W. H. SIMPSON.

William Scharfenberg files his bill against the town of New Decatur to prevent the town from raising the grade of Second avenue and Holly street from its present altitude, nearly two feet, causing appellant's store floor to be nearly a foot and a half below the then grade of the street on which it abuts. A reference was ordered to ascertain the damages. The bill was demurred to and pleas interposed setting up that appellee signed a petition to have said streets paved with bricks, and that it was necessary to raise the grade to do so. An injunction was granted appellee and upon the reference his damages were ascertained and reported and a decree was entered overruling the motion to dissolve the injunction upon any other ground than the prepayment of the estimated damages, and from this decree the town prosecutes this appeal.

BROWN & KYLE, for appellee.—No brief came to the reporter.

E. W. GODBY, *for appellee.*—No brief came to the reporter.

WEAKLEY, C. J.—The bill was filed to enjoin the town of New Decatur from damaging complainant's store property by certain proposed changes in the

grades of the contiguous streets, upon the allegation that the municipality had not first paid complainant for the injury that would result, and to require the town to restore the streets to their former condition. Upon the filing of the bill, a preliminary injunction was issued. The defendant filed a motion to dismiss for want of equity, a motion to dissolve the injunction, a demurrer, several pleas, and a sworn answer. The chancellor overruled the motion to dismiss the demurrer and held the special pleas insufficient. He also overruled the motion to dissolve the injunction unconditionally; but, in response to a prayer to that effect in the answer, ordered a reference to the register to ascertain the probable damages, and, on the coming in of the report. the payment of the ascertained sum into court, and the execution of a bond to pay such damage as the complainant might sustain, the chancellor dissolved the injunction.—*C. & W. R. R. Co. v. Witherow,* 82 Ala. 190, 3 South. 23.

Whatever may be the law elsewhere, it is too well settled in this state for further controversy "that, under constitutional guaranties, a municipal corporation may not take or injure the property of a citizen in the exercise of its power to improve its highways without first making compensation; and the right to injunctive relief in such a case as this exists without reference to the solvency or insolvency of the municipality and regardless of the consideration that he might recover full compensatory damages in an action at law."—*City Council of Montgomery v. Lemle,* 121 Ala. 609, 25 South. 919; *Avondale v. McFarland,* 101 Ala. 381, 13 South. 504: *Niehaus v. Cooke,* 134 Ala. 223, 32 South. 728. We have, therefore, no doubt of the equity of the bill, unless its equity is destroyed by the allegations it contains respecting the petition by defendant and other citizens to the city council, wherein they requested the paving of Second avenue in front of complainant's property, and preparatory to which the change of grade and other work complained of had been ordered. We are not of opinion that the petition merely to pave the avenue

[Town of New Decatur v. Scharfenberg.]

would be a waiver of damages growing out of the change in the grade of the highway, as set forth in the bill; such waiver of a constitutional right ought not to be lightly inferred, and cannot be clearly derived from the request to pave the avenue and the agreement to bear a part of the expenses of the paving.—*Newville Road Case,* 8 Watts (Pa.) 172; *Barker v. City of Taunton,* 119 Mass. 392; *Birdseye v. City of Clyde,* (Ohio) 55 N. E. 169; *Jones v. Borough of Bangor,* 144 Pa. 638, 23 Atl. 252. As said by the supreme court of Massachusetts in *Barker v. City of Taunton,* 119 Mass. 392, "it is no bar to the claim for damages made by the petitioner that he was one of the original petitioners for the improvement—that alone is not evidence of an assent that his property shall be taken for public use without compensation." While the court uses the words "taken for public use," the facts of the case show that it was similar to the one before us, and that damages were claimed for injury to plaintiff's premises by lowering the grade in the construction of a sidewalk. There, also, the plaintiff had merely petitioned for the construction of a sidewalk. The complainant would also have the right, upon the averments of his bill, no compensation having been first made for the injury, to require the city to restore the street to its former condition, as well as to enjoin further acts of damages. A court of equity does not administer partial justice, but, taking jurisdiction in a proper case, ever seeks to conclude the whole controversy. The motion to dismiss the bill for want of equity was properly overruled. What we have said above also applies to and covers the questions presented by the demurrer, and in overruling this no error was committed.

The answer did not deny the averments upon which the equity of the bill rested, and new matter, not responsive to the bill, cannot be considered on motion to dissolve. The defendant was not entitled to an unconditional dissolution.—*Niehaus v. Cooke,* 134 Ala. 223, 32 South. 728. The chancellor followed the practice approved by this court, and requested by the defendant, in dissolving the injunction upon the making of a cash de-

posit and the execution, of the bond, thus allowing a public work to proceed, and the town, has no cause of complaint against the ruling upon its motion to dissolve the injunction.

This leaves for consideration pleas 4, 5, and 6, assignments of error specifying these as having been erroneously held insufficient.

Pleas 4 and 5 present substantially the same question and they may be considered together. A careful reading of the bill shows that the gravamen of the complaint is that the city is preparing to change the grade of the highway in front of complainant's property, without his consent and against his objection. So far as the work has proceeded, it has been done in pursuance of the plan to alter the grade, preparatory to laying the brick pavement on the elevated line; and the incidental consequences, alleged in the bill, showing the modum of the injury, are all attributed to the execution of the purpose by the city to establish a new grade for the highway. The question, therefore, is whether under the averments of pleas 4 and 5 the complainant was entitled to restrain the proposed work, or, upon the hearing, if these pleas should be proven, ought to have a decree for compensation. By section 427 of the code of 1896 an appeal lies to this court from a decree by the chancellor overruling a plea to a bill, or what is the same thing, holding it to be insufficient; in this way, the judgment of this court may be obtained upon the sufficiency of a defense in an equity case interposed by plea, in advance of the taking of evidence, or a hearing upon the merits.—*Glasser v. Meyrovitz,* 119 Ala. 152, 24 South. 514. Several separate pleas may be filed or they may be incorporated in the answer, in which latter event they must be treated as independent pleas. The setting down of a plea for hearing upon its sufficiency operates as an admission of the truth of all the facts alleged for the purpose of invoking the judgment of the court upon the legal question whether these facts constitute a defense to the bill.—*Tyson v. Land Co.,* 121 Ala. 414, 26 South. 507; *Glasser v. Meyrovitz,* 119 Ala.

152, 24 South. 514. Unless there is some rule or statute requiring it, pleas need not be verified by affidavit; these before us are not open to objection, because no one swears to their truth.

If duplicity be a ground of objection to a plea in equity, it is not under our system in the case of a plea in a court of law.—(*Bolling v. McKenzie,* 89 Ala. 470, 7 South. 658; *Corpening v. Worthington,* 99 Ala. 541, 12 South. 426) yet we are of opinion the pleas now under consideration are not double. They do not contain two independent facts, nor two separate sets of facts, each constituting a sufficient answer to the bill. We have already held that the petition for the paving did not, in and of itself, operate to waive the complainant's right to damages, or his equity to restrain the work until compensation should be paid or secured to him for the injury to his storehouse and lot under the practice of the chancery court in cases like this. The averments of the plea in respect of the petition for paving, and the decision of the city council to do the work, are matters of inducement leading up and converging to the one defense which they bring forward. This defense is that the complainant on being informed as to the proposed change of grade, and with knowledge of the new curb line, requested the city officials in charge of the work to proceed with the work, saying he intended to raise his house anyway and that he wished the street properly fixed while they were about it, so there would be no trouble concerning the street thereafter; and that the defendant acting upon the declaration and conduct of the complainant had gone to much expense in preparing the avenue to be paved according to the plans of the engineers, and had rendered itself liable for the payment of large sums for laborers and teams engaged to plow up the street and prepare it for the brick pavement.

The important question then is whether a citizen who consents to a change of grade, requests that the change be made, and who thereby induces the city to incur expense in and about the work, can recover damages to his property because of the altered grade, or arrest the

doing of the work in the midst of it, upon the ground that compensation for the injury had not first been paid him.

It has been expressly held that a person asking for the change of grade cannot complain; the case being within the maxim, "volenti non fit injuria."—*Cross v. Kansas City,* 90 Mo. 13, 1 S. W. 749, 59 Am. Rep. 1. When a person has consented to the act being done he may not exercise his legal right in opposition to that consent.—*Morris C. & B. Co. v. Lewis,* 12 N. J. 323. And this court in *Goetter v. Norman,* 107 Ala. 585, 19 South. 56, has expressed its approval of the rule as quoted by Mr. Story from a decision of the House of Lords: "It is a general law that if a man either by words or conduct has intimated that he assents to an act which has been done and that he will not offer opposition to it, although it could not have been lawfully done without his consent, and he thereby induces another to do that from which they otherwise might have abstained, he cannot question the legality of the act he had so sanctioned, to the prejudice of those who have given faith to his words, or to the fair inference to be drawn from his conduct." A constitutional provision affecting simply property rights may be waived by the citizen.—*Lee v. Tillotson,* 35 Am. Dec. 624; Coley's Con. Lim. (7th Ed.) 250. Whether the facts set up by the fourth and fifth pleas be called a "waiver or an estoppel," we are of opinion they constitute a defense to the bill, and that the chancellor erred in holding them insufficient.

The sixth plea proceeds upon the theory that having the power to grade and pave streets, the absence of negligence in and about the work would defeat the right of the complainant to have the street restored to its former condition. It is not upon the want of power to grade, nor upon the existence of negligence, that the equity of the bill rests. It rests upon the constitutional guaranty to the citizen against the taking or injuring of his property without prior compensation. The sixth plea was insufficient, and the chancellor's decree to that effect was not erroneous.

The decree of the chancellor, in so far as it holds 4 and 5 to be insufficient will be reversed and a decree will be here rendered declaring them sufficient. In all other respects his decree will be affirmed. The cause will be remanded. Let the costs of the appeal accruing in this court and the city court be divided equally between the parties.

Affirmed in part, reversed and rendered in part, and remanded.

TYSON, SIMPSON, and ANDERSON, JJ., concur.

TYSON, J. (On rehearing.)—I do not construe the averments of the bill as resting the equity sought to be enforced upon an injury to complainant's interest in the avenue or street, but to his storehouse and lot abutting thereon. It is undoubtedly the law that the city has the legal right to change the grade of the street without compensation to adjoining lot owners if there be no injury done to their property. In other words, an adjoining lot owner on a street has no such property interest in the street as entitles him to compensation for a change in the grade of the street by the city. As said in *City Council v. Townsend,* 84 Ala. 486, 4 South. 780, it is "both the privilege and duty of a city government to so grade the streets or change their grade as to make them safe and convenient, and this power is conclusively presumed to have been conferred when the dedication was made." But in the exercise of this privilge and duty, if the property of an abutting owner is or will be injured thereby, clearly under our constitutional provision and adjudged cases he may restrain the further prosecution of the improvement of the street by the city until just compensation is paid to him for the injury done or about to be done to his abutting property.

It may be that the eleventh paragraph of the bill is susceptible of the construction that complainant bases his relief to some extent upon his supposed property right in the avenue, but it is also clearly susceptible of the construction that his right is predicated upon his property interest in his storehouse and lot (and not in

the avenue) which the bill distinctly shows will be substantially injured should the improvement by the city of grading the avenue be permitted to progress. There is no ground of demurrer specifically raising this point, and clearly the motion to dismiss cannot avail as against an amendable defect, which this is.

It is true the opinion does not exclude complainant's right to relief on account of his supposed property rights in the avenue. And its failure to do this coupled with certain expressions contained in it is calculated to lead to the conclusion that such a right exists. But this misleading tendency is overcome, I think, when we consider its entire context. My concurrence in the conclusion reached on this point, I wish to be understood, was upon the proposition that the equity of the bill is based upon complainant's right to compensation for the injury done his property abutting on the avenue, and not upon an injury to his supposed property interest in the avenue itself.

The other questions raised on the record are sufficiently clearly dealt with, so there is no need of discussing them further.