[Albes v. Southern Railway Co., et al.]

# Albes *v.* Southern Railway Co., *et al.*

*Bill to Enjoin Vacating Street, and to Declare Ordinance Void.*

(Decided June 6, 1911. 55 South. 816.)

*Eminent Domain; Compensation; Closing Streets; Abutting Owners.*—Although the bill alleges that the property abutted on the street, but failed to allege that it abutted on the part vacated, and the description of the boundaries and the diagram made an exhibit to the bill, showed that the complainant's lots did not abut on the portion vacated, it was not sufficiently shown that the plaintiff was an abutting owner and entitled to damages against the city for closing the street and permitting the railway to acquire it.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by C. Edward Albes against the Southern Railway Company, and the city of Decatur to enjoin the closing of a street, and for damages to abutting property. Decree for respondents and complainant appeals. Affirmed.

KYLE & HUTSON, for appellant. Section 235, Constitution 1901, should be liberally construed in favor of the citizens.—*City Council of Montgomery v. Townsend,* 80 Ala. 489. The court should be liberal in holding that the appellant's property abutted on the street vacated. —*Chicago v. Soburcky,* 48 Am. St. Rep. 142; *Gargan v. L. N. A. & N. R. R. Co.,* 6 L. R. A. 340. If the appellant is an abutting owner, then his injury would be peculiar to himself, and not suffered by the public at large.—*In re Mellonstreet,* 182 Pa. 397; *Walsh v. Scranton,* 23 Pa. S. C. 278; *Chicago v. Baker,* 86 Fed. 763. If complainant is an abutting property owner, and has suffered some special damages not suffered by the gen-

eral public, then as a property owner, he is entitled to complain of the vacation of the street.—*Dantzler v. L. & M.*, 50 Am. St. Rep. 343; *Chicago v. Soburcky, supra; Smith v. Boston*, 7 Cosh. 254; *Brannan v. Rohmeisher*, 90 Ky. 48. The complainant has no adequate remedy at law.—*Wadsworth v. Goree*, 96 Ala. 227; *Wilson v. Myer*, 144 Ala. 402.

CALLAHAN & HARRIS, for appellee. The street was vacated under a duly passed ordinance which the city had authority to pass, and none of complainant's constitutional rights were infringed.—*So. Ry. v. Albes*, 153 Ala. 523; *Albes v. So. Ry.*, 164 Ala 356; *Transportation Co. v. Chicago*, 99 U. S.; *Crofford v. A. B. & A.*, 48 So. 367; *Montgomery v. Maddox*, 89 Ala. 183. It follows then from these authorities that being authorized by law, the vacating of the street cannot be said to be a public nuisance. The injury claimed was not different in kind from that suffered by the public at large, but was different in degree only.—Authorities supra.

SIMPSON, J.—This is the third appeal in this case. See *Southern Ry. Co. et al. v. Albes*, 153 Ala. 523, 45 South. 234, and *Albes v. Southern Railway Co. et al.*, 164 Ala. 356, 51 South. 327.

While the bill has been amended in a few particulars, we cannot see that said amendments add equity to the bill. While the bill does allege that complainant's property abuts on the streets, a part of which have been vacated, yet it does not allege that they abut on that part which has been vacated, and, even if it did so allege, the description of the boundaries of the lots, and the diagram which is made an exhibit to the bill, show that complainant's lots do not abut on that portion of the street which has been vacated, but merely corner on it, as stated when the case was last before this court.

As to the inconvenience from having to cross the railroad tracks to reach complainant's hotel, the claim for damages is not on account of the building of the railroad; but, on the contrary, the bill shows that the railroad company and its predecessor have owned and occupied the right of way for many years, apparently before the hotel was built, as the description of the lot shows that, when it was originally platted, it was described as being bounded on one side by the railroad right of way. The only part of the street vacated is that which was already occupied by the railroad company as its right of way.

The case being substantially as it was when before this court at a previous term, after a re-examination of the law as heretofore enunciated, we see no reason to depart from the principles heretofore laid down in this case, and, as those principles have been fully argued before, we do not deem it necessary to rehearse them here. In the case of *Dennis v. Mobile & Montgomery R. Co. et al.*, 137 Ala. 649, 658, 659, 35 South. 30, 33, 97 Am. St. Rep. 69, referred to in appellant's brief, the bill was held to be without equity; this court holding that, even if it were assumed that the city council was without authority to authorize the warehouse to be erected, there was no warrant for the interposition of equity to abate a nuisance, and stating: "Nor has there been had, or threatened, such taking of or proximate injury to the lot as entitles complainant to compensation, or injunctive process, under the constitutional provisions relating to eminent domain." The case of *Baltimore & P. R. R. Co. v. Fifth Bap. Ch.*, 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739, was an action at law for damages, not for the mere vacating of a street and permitting the erection of a depot, but for creating a nuisance by erections which rendered the property of complainant uninhabitable.

[Coleman, et al. v. Coleman, et al.]

We have shown in our previous decision that the city had authority to vacate the street, and that, therefore, that act could not be claimed to be the authorization or creation of a nuisance, even though it was accompanied by a contract authorizing the erection of a depot, with appropriate facilities, both because the motives of the city council in passing the ordinance cannot be inquired into, and because it was not, as appellant contends, a mere act for the benefit of the railroad company, but for the purpose of providing for the comfort and convenience of the traveling public, in accordance with the orders of the Railroad Commission of Alabama.

The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.