(78 South. 50)

CITY OF TROY v. WATKINS. (4 Div. 752.)

(Supreme Court of Alabama. Feb. 14, 1918.)

1. MUNICIPAL CORPORATIONS ⬉680, 681(8)— PUBLIC RIGHT—PRIVATE USE.

Public highways belong to the public from end to end, and from side to side, and there is no such thing as the rightful, private, permanent use of a public highway, and one who uses a public highway for his own private use commits an indictable public offense, though he does so with the permission of the municipal authorities.

2. DEDICATION ⬉58 — USE CONTRARY TO PURPOSE OF DEDICATION.

A public highway cannot be used in a manner foreign to its dedication, and any encroachment thereon, or use thereof inconsistent with such purpose, constitutes an enjoinable nuisance, and the obstruction or encroachment may consist in anything which renders the highway less commodious, as by plowing and sowing it in grain, accompanied with threats of prosecution to those who travel over it.

3. EMINENT DOMAIN ⬉274(4) — RIGHT OF ABUTTING OWNER—COMPELLING RESTORATION OF STREET — ENJOINING DAMAGE BY CITY.

A property owner has the right to require the municipality to restore a street to its former condition, and he may enjoin acts of damage to his property by the municipality where there is an attempt to take or injure his property for public use without compensation in advance.

4. EMINENT DOMAIN ⬉274(4) — ENJOINING CITY FROM CHANGING GRADE OF STREET.

A citizen may enjoin a municipality from taking or injuring his property by changing the grade of a street without first making compensation without regard to the solvency or insolvency of the parties, or the fact that adequate damages at law can be recovered.

5. DEDICATION ⬉61—ENJOINING VACATION OF STREET BY CITY — CONVERSION INTO CEMETERY.

An owner abutting on a street whose property was bounded on other sides by other streets could maintain a bill to enjoin the city from obstructing or vacating the street or part of it by converting it into a public cemetery.

6. MUNICIPAL CORPORATIONS ⬉657(1) —INJUNCTION AGAINST VACATION OF STREET—AUTHORITY—SETTING UP IN ANSWER.

If city, defendant in injunction suit to restrain vacation of street, has any authority to do what the bill alleges, such authority should be set up in the answer if not appearing in the bill.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Bill in equity by J. M. Watkins against the City of Troy. From decree overruling demurrers to the bill, the City appeals. Affirmed.

C. C. Brannen, of Troy, for appellant. John H. Wilkerson, of Troy, for appellee.

MAYFIELD, J. The bill is by an abutting property owner against the city of Troy, and seeks to enjoin the city or municipality from obstructing or vacating a certain street, or a part of a certain street, of that city, whereon complainant's property abuts. The bill therefore of necessity shows that complainant's ingress and egress is by such obstruc-

tion interfered with, and that consequently he suffers injuries different in degree and kind from those of the public on account of the alleged nuisance. The bill was demurred to by the city for want of equity and of proper parties complainant. The trial court overruled the demurrers, and the city prosecutes this appeal.

The bill presents as clear and certain a case for relief by an abutting owner against a municipality for obstructing and wrongfully vacating a public street, as we find reported in the books, and there are many such reported cases. It not only shows an unauthorized vacation and abandonment by the municipality of one of its streets upon which abuts complainant's property, but shows that it has without authority of law converted the part of the street so vacated into another and different public use, viz. that as a public cemetery. The complainant is thus shown not only to be wrongfully deprived of the use of the street abutting his property as a way of ingress and egress, but to be injured in the fact that a public cemetery is thus without lawful authority put next to his property, being platted and sold as cemetery lots to the public and dead bodies being interred therein; and it is further shown that drastic ordinances have been passed to prevent the removal of such bodies from the street so abandoned and wrongfully converted to this use.

It is first insisted by the city that as complainant's property is bounded on other sides by other streets his ingress and egress is not destroyed, and, consequently, that his injury is not different in kind from that of the public, with the result that he cannot maintain this bill.

[1] The case is quite different from that of Jackson v. B. F. & M. Co., 154 Ala. 464, 45 South. 660. In that case there was express legislative authority to vacate and obstruct the street, and the complainant did not abut the part of the street so vacated. Public highways belong to the public from side to side and from end to end; there is no such thing as the rightful, private, permanent use of a public highway, and any person who uses a public highway for his own private use commits an indictable public offense, notwithstanding it may be so used with the permission of the municipal authorities. First National Bank of Montgomery v. Tyson, 144 Ala. 457, 39 South. 560.

It was held in Albes v. Southern Railway Co., 164 Ala. 356, 51 South. 327, and in 153 Ala. 523, 45 South. 234, that the complainant's lot had to be abutting that portion of the street that was vacated to afford him basis to complain of the taking of property by virtue of the said vacation, and to invoke section 23 of the Constitution; but each opinion decided that, as there was a le-

gally authorized vacation of the street, the said vacation was not a nuisance. A. G. S. R. Co. v. Barclay, 178 Ala. 128, 129, 59 South. 169.

[2] A public highway "cannot be used in a manner foreign to its dedication, and any encroachment thereon or use thereof which is inconsistent with such purpose will constitute a nuisance which may be enjoined." Joyce on Nuisances, pp. 261, 263; 2 Elliott on Roads and Streets (3d Ed.) pp. 259, 261. "The obstruction or encroachment may consist in anything which renders the highway less commodious." 37 Cyc. 247; State v. Mobile, 5 Port. 279, 311, 312, 30 Am. Dec. 564; Pratt v. Cohasset, 177 Mass. 488, 59 N. E. 79. "Anything that worketh hurt, inconvenience, or damage is a nuisance," according to Blackstone. Baldwin v. Ensign, 49 Conn. 113, 44 Am. Rep. 207. To plow up a road and sow it in grain would certainly render it less commodious for the public, and, when the grain is grown up, would render it well-nigh impassable for vehicles, and when such obstruction is accompanied with threats of prosecution to those who travel over it, we think it a proper subject for injunctive relief. Harbison v. Campbell, 178 Ala. 251, 59 South. 207. The bill in this case contains every necessary averment which was pointed out in the cases of Albes, 173 Ala. 279, 55 South. 816, Id., 153 Ala. 523, 45 South. 234, 164 Ala. 356, 51 South. 327, Dennis v. M. & M. Ry. Co., 137 Ala. 658, 35 South. 30, 97 Am. St. Rep. 69, and Jackson's Case, 154 Ala. 464, 45 South. 660.

[3] A property owner has the right to require the municipality to restore a street to its former condition, and he may enjoin acts of damage to his property by the municipality where there is an attempt to take or injure his property for public use without compensation in advance. New Decatur v. Scharfenberg, 147 Ala. 367, 41 South. 1025, 119 Am. St. Rep. 81.

[4] A citizen may enjoin a municipality from taking or injuring his property by changing the grade of a street without first making compensation; injunction in such cases will be awarded without regard to the solvency or insolvency of the parties, or to the fact that adequate damages at law could be recovered. New Decatur v. Scharfenberg, supra. What was said by this court in the case of State ex rel., etc., v. Louisville & Nashville Railroad Co., 158 Ala. 208, 211, 48 South. 391, is apt and conclusive here:

"The question received consideration at our hands in the case of Douglass v. City Council of Montgomery, 118 Ala. 599, 24 South. 745, 43 L. R. A. 376, where it was held that municipal corporations hold title to streets, public squares, and parks, in trust for the public, and when lands have been dedicated for such purposes, the municipality has no power, unless specially authorized by the Legislature, to sell such lands for its own benefit, or to appropriate them for the use and benefit of private persons or corporations, or in any way divert them from the uses to which they were originally dedicated. Webb v. Demopolis, 95 Ala. 116, 13 South. 289, 21 L. R. A. 62; 2 Dillon on Munic. Corp. §§ 575, 650; 15 A. & E. Ency. Law (1st Ed.) 1064; 17 A. & E. Ency. Law (1st Ed.) 417. "It is not pretended that the city council had any authority in its character [charter] to dispose of this street in the manner it did, or to abolish it, and under the authorities, its attempt to do so was unauthorized and void."

[5, 6] It results that the trial judge ruled correctly in overruling the demurrers to the bill. If the city had any authority to do what it is alleged in the bill to have done, it does not appear in the bill, and should be set up in the answer.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.