### BURROUGHS v. CITY OF DALLAS.

(Circuit Court of Appeals, Fifth Circuit. December 6, 1921.)

No. 3748.

**Eminent domain ⚖≈273—Remedy at law held adequate for closing street.**

Where the only injury inflicted on the owner of property abutting on the street by the closing of a portion of the street was depreciation in the market value of his property, the remedy at law was adequate, and an injunction to restrain the closing was properly denied.

Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Suit by Nelson T. Burroughs against the City of Dallas to enjoin the obstruction of a portion of a street. From a decree refusing the injunction without prejudice to an action at law, complainant appeals. Modified and affirmed, and cause remanded, with leave to apply for an order transferring the suit to the law side.

Francis Marion Etheridge and Charles T. McCormick, both of Dallas, Tex. (Francis Marion Etheridge, Joseph Manson McCormick, Henri Louie Bromberg and Charles Tilford McCormick, all of Dallas, Tex., on the brief), for appellant.

James J. Collins, City Atty., and Allen Charlton, both of Dallas, Tex. (Jas. J. Collins, Allen Charlton, and Carl B. Callaway, all of Dallas, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The appellant, who owns a lot, with a building used as a boarding house thereon, abutting on Exposition

avenue in the city of Dallas, filed the bill in equity in this case, alleging that the value of said property was lessened and its usefulness rendered less beneficial by the act of said city in obstructing a part of Exposition avenue between the appellant's property and the business part of Dallas, and praying that the appellee, the city of Dallas, be enjoined from continuing to obstruct Exposition avenue, and for such other relief as the appellant may be entitled to.

It was disclosed that what was complained of was done after the appellee had become the owner of the property abutting on both sides of the part of Exposition avenue which was obstructed, and had, pursuant to an ordinance, closed as a public street or thoroughfare that part of said avenue. It was averred that this was done without the appellee taking any steps to ascertain the damage to the appellant's property that would ensue therefrom, and without giving the appellant any notice or opportunity to be heard in respect to his damages, and without arranging for any compensation whatever to the appellant or any other person for the damages that might be caused thereby, and that after said avenue was so obstructed it became and has continued to be impossible for the appellant or any occupant of the boarding house on his property to go from that property to points in the direction of the business part of Dallas without traveling a distance more than 1,000 feet greater than that by way of Exposition avenue before it was so obstructed. After the filing of an answer and the taking of evidence, the case was submitted to the court on the pleadings and proofs, and the court rendered a decree refusing the injunction prayed for; that decree stating that it "is made without prejudice to any action at law that complainant may have or file."

Assuming, without deciding, that the appellant has a right of action based on the alleged conduct complained of, we are of opinion that neither the allegations of the bill nor the evidence adduced showed that his remedy at law therefor is inadequate. No damage is shown beyond an impairment of the property's value in consequence of the closing of part of the street on which that property abuts. If the appellant has a right of action based upon the closing and obstruction of the street, the resulting depreciation of the market value of the property furnishes the measure of his damages, which are recoverable in a single action at law. Dennis v. Mobile & Montgomery Ry. Co., 137 Ala. 649, 35 South. 30, 97 Am. St. Rep. 69; Armour & Co. v. Texas & Pacific Ry. Co., 258 Fed. 185, 169 C. C. A. 253; Id., 251 U. S. 551, 40 Sup. Ct. 56, 64 L. Ed. 410. For the reason indicated, the court did not err in refusing the injunction prayed for.

The decree is affirmed, so far as it denied equitable relief, and the cause is remanded, with direction that the appellant have leave to apply to the trial court for an order transferring the suit to the law side, pursuant to equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv).

Modified and affirmed.