71 So.2d 797

**LYBRAND et ux.**

v.

**TOWN OF PELL CITY.**

**7 Div. 120.**

Supreme Court of Alabama.

March 25, 1954.

McDonald & Moon and J. J. Cockrell, Birmingham, for appellants.

W. A. Weaver and H. E. Halladay, Pell City, for appellee.

LIVINGSTON, Chief Justice.

The bill of complaint in this case was brought by W. W. Lybrand and Lena Barber Lybrand, his wife, against the City of Pell City, Alabama, a municipal corpor-

ation, and seeks to enjoin the city or municipality from obstructing or vacating certain streets or avenues, or parts thereof, of that city whereon complainants' property abuts. The bill further prays that damages already sustained be determined and rendered against the respondent city.

Respondent demurred to the bill of complaint, but the demurrers were not ruled on. Subsequently, complainants' application for temporary writ of injunction was heard on oral proceedings before Honorable J. H. Disque, Jr., Judge of the Circuit Court of St. Clair County, Alabama, in equity. The lower court denied the relief and this appeal is upon the court's ruling on that application.

Inasmuch as appellee concedes that the complainants' case, as made by the pleadings, is correctly stated in appellants' brief, we quote the following from that brief:

"In paragraph one of the Bill of Complaint W. W. Lybrand and his wife, Lena Barber Lybrand, citizens of Pell City, St. Clair County, Alabama, brought this action against the Town of Pell City, a municipality, in the Circuit Court of St. Clair County, Alabama, in Equity, at Pell City.

"Complainants aver in paragraph two that they own 3 acres of land, more or less, in Pell City; Plaintiffs' exhibits Number One.

"Paragraph three of the Bill shows that this land is substantially in the shape of a 'Wye.' The streets and avenues in the immediate area of this 'Wye' were many years ago dedicated to public use as such streets and avenues by the Pell City Realty Company and formed a part of the net work of public streets and avenues shown in the official map or plat of Pell City and that said map was recorded in the Probate Judges' Office of St. Clair County as required by law, and Pell City Realty Company was the owner of the real estate included in the map for streets, avenues, etc.

"The Bill avers by paragraphs 4 and 5 that the Town of Pell City is now engaged in the construction of a municipal swimming pool upon a part of Railroad Avenue and upon a part of Connecticut Avenue. The pool itself so far as is shown by the small rectangle in this exhibit one is designated 'Swimming Pool.' In addition to the area, already taken by the pool, it will extend 15 feet further into Railroad Avenue on the West side and 27 feet toward the South into Connecticut Avenue. The encroachment into Railroad Avenue lies, along the side thereof immediately in front of Plaintiffs' property abutting upon said Railroad Avenue on the East side of said 'Wye.' The city has started or will start to build a fence around this Avenue of meshed wire of 8 to 10 feet high and include a bath house there, and so as to enclose further an additional space of, to-wit, 15 feet surrounding said pool on all sides which will be, to-wit, 15 feet closer to Plaintiffs' property along Railroad Avenue leaving a very small space for passage between said fence and Plaintiffs' property on Railroad Avenue. All, except a small fraction, of said pool and fence and bath house will be in the streets of Pell City.

"This pool was substantially completed before Plaintiff discovered the encroachment upon his property.

"Paragraph 6 shows that respondent has refused to pay any attention or give any heed to Plaintiffs' objection to this construction.

"Paragraph 7 avers that respondent's action in constructing said swimming pool will cause Plaintiff serious and irreparable injury and damage; that respondent's action will cause a serious and permanent obstruction to the use of said streets and avenues contrary to the purpose for which they were dedicated; that said streets have been wrongfully appropriated by respondents; that no steps have been taken by respondents to comply with the law in such action.

"Complainants offer this Bill for the purpose of enjoining the respondent from continuing in these wrongs as shown by the prayer of the Bill.

"Demurrers by respondents were filed to the Bill of Complaint but no ruling by the Court was ever made upon said demurrers."

Though not drawn accurately and to scale, the following diagram depicts complainants' property, streets, avenues, etc.:

On hearing for a temporary injunction, the principal facts made by the bill of complaint were proved without controversy. The respondent city did prove that although the streets and avenues involved were platted and dedicated to public use, certain portions of them abutting the complainants' property had never been, to use the language of the witnesses, "opened up." However, it was also shown that paths, roadways, passageways, and roads, both for pedestrians and vehicles, had been used

over and along said avenues and streets. The city also offered testimony to the effect that it had begun, or contemplated proceedings, to close certain streets and avenues involved, and to condemn complainants' property for public use.

The bill of complaint in this case of necessity shows, and the evidence proved, that complainants' ingress and egress is by such obstruction interfered with, and that as a consequence, they suffered injuries different in degree and kind from those of the public on account of the alleged nuisance.

■ When a landowner lays off his land into blocks and lots, setting apart and designating certain portions as streets, with a view to establishing a portion of a town, followed by a sale of lots with reference to a map defining and delineating the streets, a complete dedication of such streets is thereby made to the use of the purchasers and the general public. Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 So. 716. All who buy with reference to the general plan or scheme disclosed by the map, and their successors in interest, acquire a right in all of the public ways designated thereon, and may enforce the dedication. Highland Realty Co. v. Avondale Land Co., supra. Although it does not impose any duty upon the city until it has accepted the dedication. Ivey v. City of Birmingham, 190 Ala. 196, 67 So. 506; Trammell v. Bradford, 198 Ala. 513, 73 So. 894.

■ Furthermore, a conveyance of lots embodied in such a plan passes to the grantee *the fee to the median line of the street encumbered by the easement in favor of the public.* Snead v. Tatum, 247 Ala. 442, 25 So.2d 162. The fee in the land to the median line of the street or avenue is appurtenant to the attingent lots along the street, and is not subject to alienation apart from such lots after the dedication has become complete. The dedication is perfected and made irrevocable by the sale of a single lot, except by constitutional legislative action or strict pursuance of constitutional legislatively delegated authority. Said fee is not subject to vacation by legislative action *without just compen-* *sation being made or provided.* Snead v. Tatum, supra. In proceedings instituted by municipalities and counties under the terms of Tit. 56, §§ 26–31, Code of Alabama. 1940, to vacate streets, highways, etc., provision is made for compensating those who are injured by such vacation.

■ The plan or scheme indicated on the map or plat is regarded as a unity; it is presumed that the public ways add value to all the lots embraced in the general plan. Highland Realty Co. v. Avondale Land Co., supra. The extent of use as a street or avenue in no manner affects the question of the dedication. Talley v. Wallace, 252 Ala. 96, 39 So.2d 672.

■ When lands have been so dedicated as streets and avenues, the municipality has no power, unless specially authorized by the legislature, to divert them in any manner from the uses to which they were originally dedicated. State ex rel. Attorney General v. Louisville & Nashville R. Co., 158 Ala. 208, 48 So. 391. No such special authorization is present in the instant case. Any encroachment thereon or use thereof which is inconsistent with such purpose will constitute a nuisance which may be enjoined. City of Troy v. Watkins, 201 Ala. 274, 78 So. 50. The obstruction or encroachment may consist in anything which renders the roadway less commodious. City of Troy v. Watkins, supra. Injunction *in such cases* will be awarded without regard to the solvency or insolvency of the parties, or to the fact that adequate damages at law could be recovered. City of Troy v. Watkins, supra; Town of New Decatur v. Scharfenberg, 147 Ala. 367, 41 So. 1025.

It is not pretended that the town had any authority in its charter to use the avenues in the manner it did. Under the authorities, the town's actions were unauthorized and void. City of Troy v. Watkins, supra; State ex rel. Attorney General v. Louisville & Nashville R. Co., supra.

■ If Pell City had any authority to do what it is alleged in the bill to have done, it does not appear in the bill, and should have been set forth in an answer. City of Troy v. Watkins, supra.

The legislature, representing the sovereign people, may provide for the vacation of portions of public streets, due regard being had for the rights of the landowners concerned. Thetford v. Town of Cloverdale, 217 Ala. 241, 115 So. 165. However, when municipal authorities undertake, without legislative authority, to close portions of public streets and avenues, in which the municipality only has an easement for all time, the power of the courts can be brought to interfere.

While the granting or refusing of a temporary injunction is largely discretionary, depending upon the facts of each particular case, the term "discretion" implies a sound judicial discretion, reviewable on appeal, and not an arbitrary administrative or executive discretion. Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574.

Upon the evidence presented, the lower court's ruling was in error, and is hereby reversed.

Reversed and remanded.

SIMPSON, GOODWYN and MERRILL, JJ., concur.