FRANK PARMELEE *et al.*, Appellants, *v.* JOSEPH W. HAMBLE-TON *et al.*, Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

A mechanics' lien only extends to the appurtenances upon the premises sought to be subjected to it. Where the appurtenance is in the street, and not upon the lot, (as a vault under a side walk adjacent to the building,) the lien does not reach it.

THIS suit was commenced by filing a petition to the April term, A. D. 1856, of the Cook county Circuit Court, for the enforcement of a mechanics' lien, under the statute. At the June special term of the Circuit Court, the said cause was transferred to the Cook county Court of Common Pleas. And the petition, answer and other papers in the case duly filed in said Court of Common Pleas.

There were various matters of difference between the parties, which are not alluded to in the opinion. The following instructions were refused on the trial in the Common Pleas, by J. M. WILSON, Judge:

If the jury find, from the evidence, that the brick arches in question, and the excavations in which they were placed, were made within the street or streets of the city of Chicago, and were not, in fact, upon the lot or land described in the petition in this cause, the jury will, as to all items claimed by the plaintiffs for that work, find for the defendants.

That if the jury find that the claim of the plaintiffs in this cause, includes a portion of work done and performed within the streets of the city of Chicago, and not upon the lot or land described in the petition, which said work so done off from said lot or land, together with that which was done on said lot or land, was performed under one and the same contract, and the contract in evidence, the claim for the whole work is not divisible, or to be apportioned, and the plaintiffs having no lien for the work done within the streets and not upon the land described, can-

not, by reason of the indivisibility of the demand, have a lien for any part of the same.

The jury found a verdict for the plaintiffs, to the amount of four thousand nine hundred and seventy-two and twenty-eight-hundredths dollars, and decree was entered accordingly.

W. B. SCATES, and W. K. MCALLISTER, for Appellants.

GOODRICH & FARWELL, for Appellees.

CATON, C. J. This was a proceeding to enforce a mechanics' lien upon certain premises in Chicago, for the erection of a building upon the premises and a vault under the sidewalk, appurtenant to the building; both the building and appurtenance being provided for in one and the same contract, no distinct price being stipulated for either; and the important question is, whether the suit can be maintained where the appurtenance is not upon the premises sought to be subjected to the lien. This depends entirely upon the construction to be given to the statute authorizing this proceeding. That statute provides as follows : "Any person, who shall, by contract with the owner of any piece of land or town lot, furnish labor or materials for erecting or repairing any building or the appurtenances of any building on such land or lot, shall have a lien upon the whole tract of land or town lot, in the manner herein provided, for the amount due to him for such labor or material." We have sought in vain so to construe this statute as to give the lien, where the appurtenance was in the street, and not upon the lot. We are constantly met with the unmistakeable language of the act, " any building or the appurtenances of any building on such land or lot." This certainly means that both the building and appurtenance shall be upon the lot. We cannot fairly construe it so as to give a lien upon a lot for improvements made off of it, although appurtenant to a building upon the lot. The plain expressions of the act, are all the arguments which can be offered on the subject. The law simply says so, and by it we are bound.

The decree must be reversed, and the suit remanded.

*Decree reversed.*