## COENEN & MENTZER v. STAUB et al.

**Mechanic's Lien:** FOR LUMBER FOR SIDEWALK ON STREET. One who, under contract with the owner of a town lot, furnishes lumber for the construction of a sidewalk on the street along and adjacent to the lot, cannot have a mechanic's lien upon the lot for the price of the lumber, the improvement not being upon the lot.

*Appeal from Shelby District Court.*—HON A. B. THORNELL, Judge.

FILED, MARCH 8, 1888.

ACTION on account for building materials and for the foreclosure of a mechanic's lien. The materials were furnished under a contract between plaintiffs and defendant Mary Staub, and were used in the construction of a sidewalk on the street in front of a lot owned by her in the town of Harlan. Defendant Lewis Gingery is a subsequent purchaser of the lot. The district court gave plaintiffs judgment against defendant Mary Staub for the amount due on the account, but refused to establish the lien prayed for. Plaintiffs appeal.

*Beard & Myerly*, for appellants.

*Fremont Benjamin*, for appellees.

REED, J.—Plaintiffs seek to enforce a lien for the materials against the lot in front of which the sidewalk was constructed, and the only question in the case is whether they are entitled to that remedy. The statute under which the remedy is claimed (Code, sec. 2130) is as follows: "Every mechanic or other person who shall do any labor upon, or furnish any material, machinery, or fixtures for, any building, erection, or other improvement upon land, including those engaged in the construction or repair of any work of internal improvement, by virtue of any contract with the owner, his agent, trustee, contractor, or subcontractor, upon complying with the provisions of this chapter shall have, for his labor done, or materials, machinery, or fixtures furnished, a lien upon such building, erection or improvement, and upon the land belonging to such owner *on which the same is situated*, to secure the payment of such labor done, or materials, machinery or fixtures furnished." Under this provision, the lien attaches to the building, erection or improvement, and to the land *upon which it is situated*. The sidewalk is not situated upon the lot sought to be charged, but in the street on which it fronts. It is not an improvement upon or of the lot, nor was it made for the benefit of

the owner, but of the public, and was constructed by the owner, as we presume, in obedience to some requirement of the town government. Under provisions of the statute, many street improvements in incorporated towns and cities may be made at the cost of the owners of the abutting property. Streets may be reduced, or filled to grade and paved, and sewers and sidewalks may be constructed therein, and, when the work is done by the city, the cost may be taxed by special assessment upon the abutting property, or the property-owners may be required to do the work in front of their respective properties. But, however it may be done, the work is a public, rather than private, improvement; and the law does not afford the mechanic or materialman who does such work or furnishes material therefor, under contract with the owner of the abutting property, a lien therefor upon the property.

AFFIRMED.