## SEEMAN *v.* SCHULTZE.

Inasmuch as statutes allowing liens in favor of certain persons, and classes of persons are in derogation of the common law, and therefore are to be strictly construed, the statute of this State allowing liens in favor of contractors "for work done and material furnished in building, repairing or improving any real estate of their employers," cannot be held to authorize a lien in favor of such person for paving a sidewalk in a. public street adjacent to the lot of the employer, but which of itself constitutes no part of a building constructed under the same contract of employment under which such sidewalk was laid.

Argued February 19,—Decided March 22, 1897.

Appeal. Before Judge Falligant. Chatham superior court. June term, 1896.

*A. C. Wright,* for plaintiff in error.
*R. R. Richards,* contra.

SIMMONS, Chief Justice.

It appears from the record, that Seeman owned a lot in the City of Savannah at the corner of Lincoln and Henry streets. He made a contract with one Steinacher, by which the latter was to build two houses upon this lot and to build certain fences and sheds and to pave the sidewalk in front of the houses. The contract to build the fences and sheds and to pave the sidewalk was subsequent to the contract for building the houses. Steinacher employed William Schultze to pave the sidewalk, and upon the completion of the contract of paving Schultze filed and had recorded his lien upon the lot; and his demand not being paid, he com-

menced a proceeding in a justice's court to foreclose his lien. What was done with the case in the justice's court does not appear upon the record. It does appear, however, that it was appealed to the superior court, and that in the trial in that court the plaintiff, under the charge of the judge, had a verdict establishing his lien. The defendant made a motion for a new trial upon several grounds; and the motion being overruled, he excepted.

The controlling question in the case is whether Schultze, a mechanic, under the law of this State, had a lien on the land of the defendant for laying down a sidewalk on a public street in front of and adjacent to the land. The defendant in the court below contended and requested the court to charge the jury that a mechanic had no such lien. This charge the court refused to give, but on the contrary charged, "that if you find from the evidence that Mr. Seeman contracted with Steinacher to erect houses upon the lot in question and also made an additional contract with Steinacher to put additions to said houses, build fences and lay pavements as part of the contract for the improvements of said real estate, and the plaintiff was employed by said Steinacher to lay the pavement about said real estate under said contract, upon completion of said subcontract he would be entitled to a lien under section 1979 of the Code, if the same was perfected according to the statute." The section referred to (now section 2801 of the Civil Code) declares, that "All mechanics of every sort, who have taken no personal security therefor, shall, for work done and material furnished in building, repairing or improving any real estate of their employers, . . each have a special lien on such real estate," etc. Counsel on both sides in the argument here cited several cases to sustain their contentions upon this question. In our investigation of the authorities we have found a good many more. The cases cited by counsel and those we have found are all decided upon the peculiar phraseology of the different statutes passed by the several

States. In the case of Kenney *v.* Apgar, 93 N. Y. 539, the Court of Appeals of New York, following the case of' Moran *v.* Chase, 52 N. Y. 346, held that a mechanic had a lien upon real estate for paving the sidewalk adjacent thereto, under the statute of New York which gives a lien upon land for work done and materials furnished in the construction of buildings and the appurtenances of buildings. In the cases above the court held that a sidewalk might be considered an appurtenance of a building, and that therefore a mechanic who laid one was entitled to his lien. The Supreme Court of Illinois, in construing the statute of that State which gives a lien for "erecting or· repairing any building or the appurtenances of any building on such land or lot," decided that a mechanic could not have a lien under that statute for paving a sidewalk in front of the lot. Parmelee *v.* Hambleton, 19 Ill. 615. Other decisions might be cited to show the different rulings of the different courts under statutes of different States. See Boisot on Mechanics' Liens, §110, where a number of the cases are cited.

Statutes giving liens in favor of mechanics and others are in derogation of common law, and, under the rulings of this court in various cases, must be construed strictly. Construing strictly the above recited section of the Code, we think that a mechanic who lays a sidewalk in front of' real estate of his employer is not entitled to a lien therefor on the real estate. The lien is given for building, repairing or improving any real estate, which we think means· that the building, repairs or improvements must be upon· the real estate itself in order to give a mechanic a lien.. The sidewalk of a public street is not upon the real estate· of the owner of the adjacent lot. Paving the sidewalk is: an improvement to the public street and facilitates the· passage of pedestrians in front of the lot, but it cannot be· said in law that it improves the real estate. It is made as· much or more for the benefit of the public than it is for the·

benefit of the owner of the lot. In our opinion it does not improve the lot any more than does the paving of the street in front thereof. If a mechanic is entitled to a lien for paving the sidewalk, it seems to us that he should also be entitled to a lien for paving the street. Paving is usually regulated largely by the municipal government. It either paves the sidewalk or requires the owner of the lot to do so. If the city authorities pave it, an assessment is levied against the owner for the cost; if he paves it himself, he pays for it.

It does not appear in the record of this case whether the fee of the owner extended to the middle of the street and included the sidewalk, or whether the fee of the whole street, including the sidewalk, is in the city or State. Under our statute we think this would make no difference; for in neither case would paving the sidewalk be an improvement upon the real estate itself. In some States the courts have decided that if a house is built upon a street and the cellar of the house extends under the sidewalk, a mechanic could have a lien for placing upon the sidewalk an illuminating pavement. Perhaps this would be true under our statute; for the cellar would be part of the building erected upon the lot although it extended under the sidewalk, and the illuminating pavement would be an improvement thereon. There was nothing of the kind in this case. The claim is simply for paving the sidewalk in the ordinary way. The State of Iowa has a lien law expressed in almost the same words as those of our statute; and in the case of Coenen v. Staub, 74 Iowa, 32, 36 N. W. R. 877, it was held, under facts quite similar to those of the present case, that the improvement of a sidewalk was not upon the land sought to be charged and was for the public rather than private benefit, and that the statute gave no lien for paving a sidewalk.

*Judgment reversed. All the Justices concurring.*