Frank J. Kronenberg, J.
This is an application by Bradwood Bealty, Inc., for an order summarily canceling, vacating and discharging of record a notice of lien dated April 7, 1963, and filed by Transit Paving, Inc., respondent herein.
The litigants herein entered into a contract relative to the performance of certain work, labor and furnishing of materials in a subdivision known as Toby Hill Subdivision, consisting of paving, installing of storm sewers, sanitary sewers, water mains, street curbing, including any and all necessary rock excavation, and an adequate sewer system.
Prior to the making of this agreement petitioner conveyed the streets in said subdivision to the Town of West Seneca, for a consideration of “ One and on more Dollars.”
The court has not been informed of what arrangement was made with the town relative to paving, etc.; however, it is not denied that petitioner, the owner of the lots in the subdivision, contracted with respondent for the improvements above mentioned.
Bespondent alleges performance of its contract; a dispute with petitioner; and the lien followed. Said lien covering the entire subdivision.
The question before the court is whether or not a mechanic’s lien may be filed against the “ Toby Hill Subdivision”, as a *375 result of improvements being made in the streets in part of the subdivision, where the fee of the streets has been deeded to the Town of West Seneca, prior to commencement of construction of any improvements in the subdivision?
In Woolf v. Schaefer (103 App. Div. 567), the court held that a notice of mechanic’s lien could be filed against an entire tract, embracing different lots, where there was no separate contract for furnishing material to be used on the different lots, and where it was not shown that the owner holds title to the lots by virtue of separate conveyances or descriptions, or that they did not in fact constitute but a single parcel.
In Johnson v. Ocean View Cemetery (198 App. Div. 854) the court pointed out that the purpose of avenues, paths, alleys and walks in cemeteries were recognized to be to improve the cemetery grounds, and where the entire cemetery was benefited by paving a plaza and laying out and surfacing roads, the entire property benefited at the time and under a common use was subject to a mechanic’s lien for the improvement.
In Kenney v. Apgar (93 N. Y. 539) the Court of Appeals held that a sidewalk of a building, although on the ‘ 'street ’ ’ right of way, was an appurtenance to the building within the meaning of the Lien Law.
The court in Matter of Palumbo (225 N. Y. S. 2d 98 [Supreme Ct., Westchester County, 1962]) stated after citing Kenney v. Apgar (supra) that there was no New York authority holding that a street is an appurtenance, and on the basis of Coenen & Mentzer v. Staub (74 Iowa 32) and McClintic-Marshall Co. v. Ford Motor Co. (254 Mich. 305) concluded that a public street was not an appurtenance to abutting real property and a mechanic’s lien could not be filed against real property for work performed under contract with the owner of real property for filing of an excavation in the street.
If the court in the Palumbo case (supra) despite the holdings in Woolf v. Schaefer (103 App. Div. 567, supra), Johnson v. Ocean View Cemetery (198 App. Div. 854, supra) and Kenney v. Apgar (93 N. Y. 539, supra) sought authority from another jurisdiction it might well have chosen Ladue Contr. Co. v. Land Development Co. (337 S. W. 2d 578 [St. Louis, Ct. of Appeals, Mo.]).
In the Ladue case, the lienor had graded and paved a street in a subdivision and “ turn-around” at the end of the street and driveways for each of 12 houses on contiguous lots on said street.
In said ease the court stated (p. 582): “ The parties are in agreement that the driveways on the lots could be lienable. *376 * * * The owners argue that there is no right to any lien for grading and paving Jewel Avenue and its circular turnaround, or for the curbs, gutters and sanitary sewer”. The court continued (p. 584): “ The entire purpose of the mechanic’s lien law is to guarantee ‘ effective security to mechanics and materialmen who furnish labor and materials in the making of improvements upon the property of others. Once furnished and put into the improvement, the labor and materials lose all further value to the mechanic or materialman, but enhance the value of the property to the benefit of the owner and those who may take under him. Consequently, it is only fair and just that the law should be construed as favorably as its terms will legitimately permit to the end of advancing the remedial purpose of its enactment, and so the courts do construe it in cases to which its provisions apply.’ ” The court continued (p. 585): “ Research has not discovered any Missouri precedent dealing with streets as subject or not subject to the lien statutes. But dwellings without streets for ingress and egress, without driveways, or without efficient sewer systems are just no longer constructed in urban areas. To hold that the items of Ladue’s account are outside the terms of the lien statute would be to turn the clock back to another century. Our construction of the lien statutes must be liberal and most favorable to Ladue, and the ruling the owners ask us to make would enforce, we think, strict construction which we are forbidden to apply.”
American Jurisprudence covers this question as follows (vol. 36, p. 54): “ § 64 — Improvement Not Placed on Premises but Having a Beneficial Effect Thereon. A mechanic’s lien may attach to property for an improvement not placed thereon, but having a physical or beneficial connection therewith. Thus, liens have been allowed on property for pipes laid in the street for water, gas, or sewer connections (Speer Hardware Co. v. Bruce, 105 Ark. 146, 150 S. W. 403). * * * Electric light poles planted in streets have been held to be such an ‘ appurtenance ’ as will support a lien upon the premises of the electric light company for furnishing them (Badger Lbr. Co. v. Marion Water Supply, Elec. Light & Power Co., 48 Kan. 182, 29 p. 476).”
Section 23 of the Lien Law deals with the construction that is to be given to said law:
“ § 23 Construction of Article. This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same.”
*377 Keeping section 23 in mind and on the authority of the New York cases cited, and considering the foreign decisions, this court must find that the work done by respondent constituted an improvement to the lots and appurtenances to them was beneficial to said lots so that the lots were subjected to a mechanic’s lien for such improvement.
Petitioner’s application is dismissed on the merits.