231 So.2d 743

**SHELBY CONTRACTING CO., Inc., a Corp.**

v.

**Harold PIZITZ et al.**

**8 Div. 279.**

Supreme Court of Alabama.

Feb. 12, 1970.

Bell, Richardson, Cleary, McLain & Tucker and James H. Porter, Huntsville, for appellant.

Speir, Robertson & Jackson, Birmingham, for appellees.

COLEMAN, Justice.

Complainant, a corporation, filed its bill of complaint seeking to establish and enforce a mechanic's lien. The court sustained a demurrer to the bill as amended and complainant moved to dismiss the bill as provided by § 755, Title 7, Code 1940, as amended by Act No. 72, approved September 15, 1961; 1961 Acts, Vol. II, page 1947.

From the decree granting complainant's motion to dismiss, complainant appeals. The error complained of is the decree of the court sustaining the demurrer to the bill.

The question for decision is whether the allegations of the bill show that complainant is entitled to enforce a lien, on certain contiguous lots in a subdivision in the City of Huntsville, for labor and material used by complainant to construct improvements on a street of the subdivision on which the lots abut. Complainant states the question as follows:

"The question presented by this appeal, simply stated, is whether a materialman's lien attaches to property abutting a public right-of-way for substantial improvements made in the right-of-way under a single contract with the owner of the abutting property. Stated differently, is a contractor's lien right defeated because his labor and material, or a portion thereof, were furnished for improvement of a part of the property across which a public easement lies?"

At the time complainant entered into the contract, the plat of the subdivision had been approved by the engineer of the City of Huntsville, although the dedication of the streets on the plat was not accepted by the city until after complainant had completed its work.

Complainant claims a lien under § 37, Title 33, Code 1940, which recites in part as follows:

"§ 37. Every mechanic, person, firm, or corporation who shall do or perform any work, or labor upon, or furnish any material, fixture, engine, boiler, or machinery for any building or improve-

ment on land, or for repairing, altering, or beautifying the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, architect, trustee, contractor, or subcontractor, upon complying with the provisions of this article, shall have a lien therefor on such building or improvements and on the land on which the same is situated, to the extent in ownership of all the right, title, and interest therein of the owner or proprietor . . .."

Both parties agree that there clearly exists a split of authority among the courts which have considered the question here presented. One court has observed:

" . . . The cases cited by counsel and those we have found are all decided upon the peculiar phraseology of the different statutes passed by the several states. . . ." Seeman v. Schultze, 100 Ga. 603, 604, 605, 28 S.E. 378.

The point on which the decision turns is whether or not an improvement, such as curbing, paving, or pipe, which is actually upon the street, is to be regarded as being upon the lot which abuts on the street.

Our statute (§ 37, Title 33) provides that the mechanic shall have a lien " . . . on such building or improvements . . ." and "on the land on which the same is situated." Some courts have decided that the street is a part of the abutting lot and that the abutting lot is subject to a mechanic's lien for constructing an improvement on the street.

The Court of Civil Appeals of Texas enforced a lien on an abutting lot for construction of a sidewalk in front of the lot under a contract with the lot owners. The court said:

"But whatever the rule may be in other states, we are of the opinion that, as it is settled in this state that a deed to a lot fronting on a public street and calling for such street, or else describing the lot by reference to a plat which shows that the lot abuts upon the street and was laid

out with reference thereto, carries with it a fee-simple title to the center of the street, in the absence of some restriction in the deed, it follows inevitably that an improvement, such as the one in controversy in the present suit, was an improvement upon the entire lot, including that part which fronts upon the street and upon which buildings are erected. . . ." Lewis v. Roach Manigan Paving Co., (Texas Civ.App.), 184 S.W. 680, 681.

The Supreme Court of Arkansas, in holding that a materialman, who has furnished material for building a sidewalk, has a lien on the sidewalk and abutting lot, has this to say:

" . . . Now, while the general public have an easement in sidewalks, and while the municipality controls them for the purpose of preserving this easement, yet the fee, under the law, is in the owner of the land abutting the public streets to the center of the street, and this ownership is absolute, subject only to the rights of the public to enjoy its easement over it, and to the public power of the municipality, as the agent of the public, to preserve this easement or highway. . . ." Leiper v. Minnig, 74 Ark. 510, 515, 86 S.W. 407.

In Ladue Contracting Co. v. Land Development Co., (Mo.App.), 337 S.W.2d 578, the action was by a subcontractor to recover from the general contractor for labor and materials and to enforce a mechanic's lien against twelve contiguous residential lots in a subdivision. There were six residences on each side of the street. The subcontractor sought a lien against the buildings and the appurtenances, improvements, and land. The subcontractor alleged that the defendant general contractor was the original contractor for the erection of said buildings, appurtenances, and improvements and that the same were erected under one general contract. The St. Louis Court of Appeals held that the petition sufficiently asserted a claim by the subcontractor for a lien against the twelve lots

and their owners. In reaching this conclusion, the court quoted from an earlier case, McDermott v. Claas, 104 Mo. 14, 15 S.W. 995, where the court had said:

"'. . . Appellant owned the land to the center of the street on which his property abutted, subject to the easement in favor of the public. . . .'" (337 S.W.2d at 583)

The Supreme Court of New York, Erie County, in Application of Bradwood Realty, Inc., 43 Misc.2d 374, 251 N.Y.S.2d 315, quoted at length from the *Ladue* opinion, supra, and held that a contractor was entitled to a lien for labor and material furnished in a subdivision for paving, storm and sanitary sewers, water mains, street curbing, rock excavation, and a sewer system. Relying on cited cases and the New York statute which provided that the mechanics' lien law should be liberally construed, the court, without stating further reasons, found ". . . that the work done by Respondent constituted an improvement to the lots and appurtenances to them was beneficial to said lots so that the lots were subjected to a mechanic's lien for such improvement." (251 N.Y.S.2d at 318)

All the cases cited by complainant thus appear to rest on the proposition that improvements constructed on the street entitle the mechanic or materialman to a lien because the street is a part of the abutting lot.

Complainant argues that we should follow the holding of the above cited cases because our cases hold that the abutting lot owner owns the fee in the street to the median line thereof, that the dedication of a street grants only an easement in the street and the fee remains in the owner of the abutting lot, citing: Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 62 So. 712, 47 L.R.A.,N.S., 607; Snead v. Tatum, 247 Ala. 442, 25 So.2d 162; Lybrand v. Town of Pell City, 260 Ala. 534, 71 So.2d 797; Town of Citronelle v. Gulf Oil Corp., 270 Ala. 378, 119 So.2d 180.

Respondents rely on the cases next discussed which hold that a mechanic or materialman is not entitled to a lien on a lot for improvements constructed on an abutting street.

In Coenen & Mentzer v. Staub, 74 Iowa 32, 36 N.W. 877, the plaintiff sought a lien against a lot in front of which he had constructed a sidewalk under a contract with the owner. The court said:

". . . The statute under which the remedy is claimed (Code, § 2130) is as follows: 'Every mechanic or other person who shall do any labor upon or furnish any material, machinery, or fixtures for any building, erection, or other improvement upon land, including those engaged in the construction or repair of any work of internal improvement, by virtue of any contract with the owner, his agent, trustee, contractor, or subcontractor, upon complying with the provisions of this chapter shall have, for his labor done, or materials, machinery, or fixtures furnished, a lien upon such building, erection, or improvement, and upon the land belonging to such owner *on which the same is situated,* to secure the payment of such labor done, or materials, machinery, or fixtures furnished.' Under this provision, the lien attaches to the building, erection, or improvement, and to the land *upon which it is situated.* The sidewalk is not situated upon the lot sought to be charged, but in the street on which it fronts. It is not an improvement upon or of the lot, nor was it made for the benefit of the owner, but of the public, and was constructed by the owner, as we presume, in obedience to some requirement of the town government. Under provisions of the statute many street improvements in incorporated towns and cities may be made at the cost of the owners of the abutting property. Streets

may be reduced or filled to grade and paved, and sewers and sidewalks may be constructed therein, and, when the work is done by the city, the cost may be taxed by special assessment upon the abutting property, or the property owners may be required to do the work in front of their respective properties. But however it may be done, the work is a public, rather than private, improvement; and the law does not afford the mechanic or material-man who does such work, or furnishes material therefor, under contract with the owner of the abutting property, a lien therefor upon the property." (74 Iowa at 33, 34, 36 N.W. at 877.)

In Seeman v. Schultze, supra, the owner of a lot made a contract with Steinacher to build two houses on the lot, and to build certain fences and sheds and to pave the sidewalk. The contract to build the fences, sheds, and sidewalk was subsequent to the contract to build the houses. Steinacher employed Schultze to pave the sidewalk. Schultze brought suit to enforce a lien. The trial court established the lien. The Supreme Court of Georgia reversed, saying:

"The controlling question in the case is whether Schultze, a mechanic, under the law of this state, had a lien on the land of the defendant for laying down a sidewalk on a public street in front of and adjacent to the land. . . . The section referred to (now section 2801 of the Civil Code) declares that 'all mechanics of every sort, who have taken no personal security therefor, shall, for work done and material furnished in building, re-pairing or improving any real estate of their employers, . . . each have a special lien on such real estate,' etc. . .

" . . . The sidewalk of a public street is not upon the real estate of the owner of the adjacent lot. Paving the sidewalk is an improvement to the public street, and facilitates the passage of pe-destrians in front of the lot, but it can-not be said in law that it improves the real estate. It is made as much or more for the benefit of the public than it is for the benefit of the owner of the lot. In our opinion, it does not improve the lot any more than does the paving of the street in front thereof. If a mechanic is entitled to a lien for paving the sidewalk, it seems to us that he should also be en-titled to a lien for paving the street. Paving is usually regulated largely by the municipal government. It either paves the sidewalk, or requires the owner of the lot to do so. If the city authorities pave it, an assessment is levied against the owner for the cost; if he paves it him-self, he pays for it.

"It does not appear in the record of this case whether the fee of the owner extended to the middle of the street, and included the sidewalk, or whether the fee of the whole street, including the side-walk, is in the city or state. Under our statute we think this would make no dif-ference, for in neither case would paving the sidewalk be an improvement upon the real estate itself. . . ." (100 Ga. at 604, 605, 606, 28 S.E. at 378.)

In Fleming v. Prudential Ins. Co., 19 Colo.App. 126, 73 P. 752, 753, the court held that a lien on lots for construction of a sidewalk in the street in front of the lots was not authorized, saying:

" . . . The sidewalk in question was not laid upon the land of the owner; it was laid in the street. The statute does not give a lien for the work done and ma-terial here furnished, because the im-provement resulting was not made upon the land of the owner. . . ."

In Cronin v. Tatge, 281 Ill. 336, 118 N.E. 35, the Supreme Court of Illinois denied a lien on certain premises " . . . for the paving of a street in front of said prem-ises, providing . . . gas and water mains in the street front, sewer and sewer connections extending inside the sidewalk line, and for the construction of a sidewalk . . . in front of the premises." The

court held that the statute provided a lien only for work done or materials furnished for use on the lot.[1]

In Pacific Rolling Mills Co. v. James Street Const. Co., 68 F. 966, the Ninth Circuit Court of Appeals, in applying the law of the State of Washington, held that one who furnished material for construction of tracks for a cable street railway acquired no lien on the power house from which the cable was operated, or the land on which the power house stood. The court said:

" . . . The lots owned by the defendant are not the land upon which the improvement was constructed with the plaintiff's material. That improvement is in the public streets. . . ." (68 F. at 970)

In Eufaula Water Co. v. Addyston Pipe and Steel Co., 89 Ala. 552, 8 So. 25, this court denied a lien on a one-acre lot, on which a pumping station was situated, for pipe furnished to be used in construction of a water system for the city. The pipe was laid between the pumping station and the reservoir about one-half mile distant. Only twenty-five feet was laid on the one-acre lot. This court said:

" . . . The purpose of the statute is to give the material-man a lien on the lot or acre of land for the value of the materials supplied by him which have been applied and used *on that land*, in the erection of buildings, or other improvements thereon, and also on such building or improvement there situated; and the terms of the enactment are not only apt in the expression of this purpose, but equally so to the exclusion of anything beyond it.

" . . .

"But, whatever may be the adjudications in other states, we see no escape from the construction we have indicated of our own statute, the result of which is to deny plaintiff's right to a lien on the

1. The court said:
"The Mechanics' Lien Law has been amended from time to time, and the lien in the instant case is claimed under the provisions of section 1 of the act of 1903 (Laws 1903, p. 230). Such section, in substance, provides that any person who shall by contract furnish labor, materials, etc., on any house, walk, or sidewalk on the land or bordering thereon, or on or for any driveway, fence, or improvement or appurtenance thereto on such lot or tract of land or connected therewith, and upon, over, and under any walk or street adjoining, is entitled to a lien. This section only gives a lien for work done or materials furnished for use on a lot or tract of land or a sidewalk bordering thereon, or for work done on or materials furnished for any driveway, fence, or other improvement on the lands connected with any improvement on the land, being upon, over, or under any walk or street adjoining. While the section extends the lien to work done and materials furnished for an improvement in the street, such an improvement must be connected with an improvement on the lot or tract of land. It was expressly held in Smith v. Kennedy, supra [89 Ill. 485], that under the act of 1874 no lien existed for work done and material furnished for curbing, grading, and paving a street, and, while the act has several times been amended since that opinion was filed, the present act does not expressly give a lien in such case; but substantially the same words are employed in the present act as were used in the act of 1874. The amendments made in the law from time to time were made to meet various objections urged. Had the Legislature seen fit to extend the lien to cover the present state of facts, it could have used apt words in doing so. While perhaps, the wording of section 1 and meaning of the language used are not as clear as might be desired, it does not expressly nor by necessary implication extend the application of the lien, as claimed by appellees. . . .
"While, as before stated, the statute expressly gives a lien for the contract price of work done or material furnished in building the sidewalk, here the bill of complaint alleges but one price for all the work. There was but one contract for all the work done, to a part of which, only, the lien attached. It could not be ascertained what part of the entire contract price was for building the sidewalk and what part was for the remainder of the work. For this reason the lien cannot be enforced for any part of the work done. . . :" (118 N.E. at 36)

lot and building sought to be subjected, except for so much of the piping as was laid within the one acre. . . . " (89 Ala. at 558, 560, 8 So. at 26–27)

This court has expressed the following as a definition of the word "street":

" . . . The word 'street' means 'the surface; it means the whole surface and so much of the depth as is or can be used not unfairly for the ordinary purposes of a street. It comprises a depth which enables the original authority to do that which is done in every street, namely, to raise the street and to lay down sewers, for at the present day there can be no street in a town without sewers, and also for the purpose of laying down gas and water pipes. "Street," therefore, in my opinion includes the surface and so much of the depth as may not unfairly be used as streets are used.'—Butt, L. J., in Cloverdale v. Charlton, L.R. 4 Q.B.Div. 104; Dillon on Munic. Corp. (5th Ed.) p. 1692, § 1072, note." Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 435, 62 So. 712; Town of Citronelle v. Gulf Oil Corp., 270 Ala. 378, 382, 119 So.2d 180.

In *Cloverdale,* this court said also:

"The mere fact that an abutting landowner owns the ultimate fee to the middle of the street does not confer upon him the right to put that part of the street in which he owns such ultimate fee to even a temporary use which is inconsistent with all of the rights of the public in such street unless there is some necessity therefor. 'The fee is entirely and completely subordinate to the dominant easement,' and an invasion of the rights of the public in the street 'can be justified only on the ground of necessity.'—Commonwealth v. Passmore, 1 Serg. & R. (Pa.) 217; Van O'Linda v. Lothrop, 21 Pick. (Mass.) 292, 32 Am.Dec. 261; Raymond v. Keseberg, 84 Wis. 402, 54 N.W. 612, 19 L.R.A. 643.

" . . .

" . . . The dominant right in a street is the right of the public, but the extent of that right depends upon the needs of the public. The *surface* of the street, in all places, great and small, must be kept open for the lawful use of the public, unless, indeed, there is some temporary paramount need of the abutting owner for a part of it.—Costello v. State, 108 Ala. 45, 18 So. 820, 35 L.R.A. 303.

"Of course if a village grows into a town and the town grows into a city, each step in the growth of such municipality *increases* the public demands and thus, in fact, broadens the right of the public in both the surface and the subsurface use of the streets, and the authority of the abutter to use either the surface or the subsurface portions of such streets diminishes as the rights of the public increase. The private use of the abutter to the subsurface (as to the surface) of a street can only be justified out of respect to his private reasonable need therefor, subject, of course, to reasonable police regulations, and any private use to which he may put his street, as an abutter, must be held to be subservient to, and in recognition of, the dominant rights of the public in such street for all street purposes and must give way to that dominant right whenever the public needs require that it shall do so.—Webb v. City of Demopolis, 95 Ala. 116, 13 So. 289, 21 L.R.A. 62." (182 Ala. at 434, 435, 436, 62 So. at 717)

In *Citronelle,* this court said:

" . . . In Snead v. Tatum, 247 Ala. 442, 25 So.2d 162, 163, we considered the effect of a dedication upon the right to alienate the fee to the land across which a street is located and said:

" 'The fee in the land to the median line of the street or way is appurtenant to the attingent lots along the street and is not subject to alienation apart from such lots after the dedication has become complete . . . '." (270 Ala. at 381, 119 So.2d at 182)

It is noted that § 14, Title 56, Code 1940, recites that:

"The acknowledgment and recording of such plat . . . shall be held in law and in equity to be *a conveyance in fee simple* of such portion of the premises platted as are marked . . . on such plat . . . as donated . . . for any street . . . .." (Emphasis Supplied)

■ The lot owner's right in the surface and subsurface embraced in the street, as defined above, is spoken of as "the ultimate fee" and as being "appurtenant to the attingent lots." We are not advised of the meaning of "ultimate fee" other than the ordinary sense that ultimate means last or final. It is true that upon abandonment of the street, absolute ownership thereof will then finally vest in the owner of abutting lot, and that such owner is entitled to the oil and minerals in that part of the land which lies under the "street," but so long as the "street" exists, the interest of the lot owner in the "street" is merely the right to enter it and to use it in common with the rest of the public. The lot owner cannot sell the "street" or lease it or control its use by other persons or control the height of the surface or the nature of objects or material to be placed in or on it so long as it remains a "street."

■ As to the surface of the street and so much of the depth under the surface as is or can be used not unfairly for ordinary street purposes, the lot owner's interest is, in reality, an interest in the nature of a possibility of reverter.

"A possibility of reverter is, at common law, not an estate, and does not require the existence, at the time of its retention, of an ascertained person, natural or artificial, to take as grantee. It is not a present or future right, or a vested interest in land; it is merely a possibility of acquiring an estate. . . .

"A possibility of reverter at common law is inalienable, not assignable . . or devisable . . . although it may be made so by statute. However . . it is descendible, and may be released to the tenant in possession. In some jurisdictions, even in the absence of statute, a possibility of reverter has been held capable of transmission by the grantor to his grantee, and will pass to the latter under a conveyance of the reversion." 31 C.J.S. Estates § 105, pages 204, 205.

■ By whatever name called, the lot owner's interest in the street, at most, is a contingent expectancy dependent on an event which may never occur. We are of opinion that the better view is that the lot owner's interest in the "street" does not make the "street" a part of the abutting lot so that an improvement on the "street" is an improvement on the lot so as to make the lot subject to a lien for such improvement.

Complainant argues that this court has said that the mechanics' lien statute should receive a liberal construction; Mazel v. Bain, 272 Ala. 640, 133 So.2d 44; and that we should construe the act to extend the lien on the lot to cover improvements on the street. Such a construction can result only from declaring that an improvement on the street is an improvement on the abutting lot, and we do not think this is so. It is the province of the legislature to so extend the statute if the legislature see fit to do so.

The decree of the trial court is in accord with these views and is due to be affirmed.

Affirmed.

SIMPSON, BLOODWORTH, MADDOX, and McCALL, JJ., concur.