[1] Although the City of Helena was named as a defendant originally, the City's motion to dismiss was granted; the appellant does not challenge that dismissal. Thus, the Court does not treat the City of Helena as a party to this appeal.
Does occupancy by a subdivision lot owner of an unimproved but publicly dedicated strip of property, lying between the front line of the lot and the street curb, vest in the lot owner a property right superior to the right of the public to use the right-of-way, as contemplated by the public dedication? Under the facts of this case, we answer the question in the negative; thus, the summary judgment in favor of the lot owners is reversed and the cause is remanded.
The trial court entered the following "Order on the Defendant's Motion for Summary Judgment":
 "This cause, ostensibly being one of first impression in this jurisdiction, coming on to be heard based on the pleadings of the respective parties, and the court having considered same, it is the opinion of the court that the following order be entered as to the defendant's motion for summary judgment. The . . . findings of fact are . . . as follows:
 "1. That on or about October 23, 1991, the Planning Commission of the City of Helena approved the subdivision map of Dearing Downs 11th Addition.
 "2. That on October 25, 1991, the subdivision map was filed in the office of the probate judge of Shelby County, Alabama.
 "3. That Olympia Circle and Seattle Slew Drive were statutorily dedicated by the filing of the subdivision map pursuant to § 35-2-50, Ala. Code 1975.
 "4. That the defendants, Vining, Wiggonton, and Finch, acquired Lots 5, 45, and 4, respectively, in the spring of 1992.
 "5. That a strip of land exists between the front lot line of each defendant's property and the curbing along the edges of Olympia Circle and Seattle Slew Drive that is designated as a right-of-way according to the subdivision map.
 "6. That the said strip of land has been in the exclusive possession of and has been maintained and manicured by the said defendants as a continuation of their respective lawns.
 "7. That the City of Helena has not exercised any use, possession, dominion, or control over the said strip of land lying between the front lot lines of the respective defendants' properties and the curbing along the street.
 "8. That the plaintiff has allowed her two cairn terriers to walk upon and eliminate waste upon the said strip of land adjoining the respective lots of the defendants. *Page 513 
 "9. That several complaints have been filed with the City of Helena by the defendants regarding the plaintiff's conduct.
 "10. That the plaintiff filed suit on December 6, 1993, so as to determine her rights with respect to same.
 "11. That the defendants filed a counterclaim alleging the plaintiff has committed trespass upon their respective properties.
"FINAL JUDGMENT
 "The court having considered the facts in the present case and the existing applicable law, it is ORDERED, ADJUDGED, AND DECREED as follows:
 "1. That dedications of Olympia Circle and Seattle Slew Drive and the strip of land adjacent to said street were effected statutorily by the filing of the subdivision plan and map pursuant to § 35-2-50, Ala. Code 1975.
 "2. That, at the time the defendants acquired their respective lots, they were on notice and purchased their property in full recognition of the right-of-way dedication. See Templeman v. Resmondo, 507 So.2d 494 (Ala. 1987).
 "3. That, in Alabama, neither nonuser, nor the rule of prescription, nor the statute of limitations, nor the doctrine of equitable estoppel can be invoked to nullify a public dedication. Blair v. Fullmer, 583 So.2d 1307
(Ala. 1991). Further, the Court in Blair stated that the dedication of such a right-of-way does not necessarily impose upon a city the duty to maintain same. Therefore, the defendants' contention that the dedication was abandoned by the City of Helena for failure to maintain and improve the area must fail.
 "4. That, according to common law and case law in Alabama, the ultimate fee to the middle of the street rests with the abutting landowner. Town of Citronelle v. Gulf Oil Corp., 270 Ala. 378, 119 So.2d 180 (1960), citing Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 62 So. 712 (1913). The Court in Cloverdale went on to explain the underlying reason for the said common law rule[: 'W]here [the ultimate fee to the middle of the street] resides in the abutting landowner[,] it furnishes to that landowner an efficient weapon for his protection against an unwarranted appropriation of a street in the proper maintenance of which the situation of his property gives him a peculiar interest.' [182 Ala. at 429-30, 62 So. at 715.] This court takes notice that the above-referenced rationale, as set out in Citronelle and Cloverdale, was discussed solely in the light of the issue of alienability of streets once dedication was perfected. Nevertheless, this court is of the opinion that the same rationale should be applied to the facts in the present case so as to allow protection of the defendants' properties and to prevent unwarranted uses of the disputed strip by the general public which may adversely affect the defendants' use and enjoyment of their respective lots. More particularly, this court is of the opinion that the defendants shall be allowed to exercise exclusive possession of the disputed strip of land and treat same as private property and as a continuation of their respective lawns until such time as said strip of land is further improved by the City of Helena for uses not inconsistent with a street or roadway and/or for the maintenance of the utility systems.
 "5. That the plaintiff is estopped from entering into or upon the area of the disputed right-of-way in the possession of and maintained by the defendants as a continuation of their respective lawns for any purpose that may interfere with the exclusive possession, use, or enjoyment of said area by the defendants. Such purposes include, but are not limited to, the walking of pets, allowing pets to eliminate waste, etc. However, this is not to prevent the plaintiff from entering into or upon the said area as justified by an emergency, but only for such a period of time as such emergency may exist; i.e., entering upon the property of another so as to avoid the danger of oncoming traffic. See 39 Am.Jur.2d § 197; 75 Am.Jur.2d § 101.
 "6. That, as a matter of public policy, health, and sanitation, as well as the use and enjoyment of the disputed area by the defendants as a continuation of their respective *Page 514 
lawns, it is not a necessity of the general public to enter upon such lands for the sole purpose of walking pets and allowing such pets to eliminate waste.
 "7. That the defendants' motion for summary judgment be GRANTED in part as there is no genuine issue as to any material fact as to the defendants' claim that the plaintiff is not entitled to enter upon the area of the disputed right-of-way in possession of and maintained by the defendants as a continuation of their respective lawns for any purpose that may interfere with the use and enjoyment of said area by the defendants. Such purposes include, but are not limited to, the walking of pets, allowing pets to eliminate waste, etc.
 "8. That the defendants' motion for summary judgment be DENIED as to the defendants' claim of trespass.
 "9. That the issue of whether the plaintiff trespassed is a factual one to be determined by a jury, bearing in mind that the plaintiff may traverse across the subject area due to a necessity.
 "10. That the plaintiff's renewed motion for summary judgment is hereby DENIED."
(Emphasis added.)
The emphasized language in paragraph 4 of the trial court's order, under the heading "Final Judgment," is dispositive of this appeal.
Obviously, the trial court was of the opinion that the defendants were entitled to relief for what it perceived as culpable conduct by the plaintiff, Kizer. To grant relief, however, by allowing the lot owners to exercise exclusive possession of the right-of-way in question is not a mere extension of the "dedication of public ways" rule set out and applied in Cloverdale and Citronelle. Nor does the conditional language "until such time as said strip of land is further improved by the City of Helena" square the trial court's judgment with the cited authorities. Indeed, the trial court's holding here under review effectively overrules the existing legal concept that abutting lot owners are allowed permissive use of publicly dedicated rights-of-way subject to the superior right of the public pursuant to the terms of the dedication. The abutting lot owners' rights in the right-of-way are subservient to the rights of the general public to use the City's right-of-way. For a recent case holding that once a dedication is perfected, absent a statutory vacation the accepting municipality holds that title in fee simple, seeMontabano v. City of Mountain Brook, 653 So.2d 947 (Ala. 1995).
Our holding that the defendant lot owners are permissive users (having an interest in the nature of a possibility of reverter), and are not being allowed to hold exclusive possession of the disputed right-of-way strip does not mean that the defendants are without a remedy by way of injunction, or by way of a claim for the maintenance of a nuisance based on culpable conduct that wrongfully interferes with the lot owners' peaceable enjoyment of their privately owned adjoining properties.
We express no opinion on the merits of such claims, nor should our suggestions with respect to legally cognizable remedies be construed as being an exclusive list of possible remedies. Our holding merely perpetuates the long-standing rule relating to property interests of affected parties resulting from public dedication of subdivision streets and roadways.Lybrand v. Town of Pell City, 260 Ala. 534, 71 So.2d 797
(1954). See, also, Shelby Contracting Co. v. Pizitz, 285 Ala. 301, 231 So.2d 743 (1970).
Because of our holding with respect to the lot owners' motion for summary judgment, and because the lot owners' "interest" in the disputed property does not rise to the level of an estate, we further hold that the lot owners' "contingent expectancy, dependent upon an event which may never occur" (ShelbyContracting Co. v. Pizitz, 285 Ala. at 309, 231 So.2d at 750), is not a sufficient interest to support a trespass claim.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to §12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED. *Page 515 
ALMON, HOUSTON, INGRAM, and COOK, JJ., concur.
HOOPER, C.J., concurs in the result.
SHORES, KENNEDY, and BUTTS, JJ., dissent.