Cove Properties, Inc., petitioned for a writ of certiorari for this Court to review the judgment of the Court of Civil Appeals, which affirmed in part and reversed in part the trial court's summary judgment entered in favor of Walter Trent Marina, Inc. Cove Properties, Inc. v. Walter Trent Marina, Inc.,796 So.2d 322 (Ala.Civ.App. 1999) (Cove II). We granted certiorari to determine whether the Court of Civil Appeals erred in interpreting § 33-7-50, Ala. Code 1975, and in affirming in part and in reversing in part the judgment of the trial court. Because we determine that the summary judgment should have been reversed in its entirety, we reverse the part affirmance and affirm the part reversal by the Court of Civil Appeals.
The issue is whether one waterfront property owner can build in front of the riparian lands of an adjacent waterfront property owner. Our holding is limited to properties on generally straight or convex shorelines. The holding in this case will not necessarily govern a dispute between owners of properties on a shoreline so deeply concave that any structure in front of the riparian lands of one property will necessarily be in front of the riparian lands of another property.
Cove and Walter Trent are adjoining landowners of property fronting Terry Cove in Baldwin County, Alabama. In 1993, upon the issuance of permits by the Army Corp of Engineers and the Alabama State Docks Department, Walter Trent built a pier extending 350 feet southward from shore. Part of the pier is located on certain submerged property leased to Walter Trent by the State. Cove had a survey conducted of the boundary line between its property and Walter Trent's property and of Walter Trent's pier. The survey shows that Walter Trent's pier encroaches in front of Cove's property approximately six inches at the landward, or northern, end of the pier and encroaches in front of Cove's property approximately 7.1 feet at the southern tip of the pier. That part of the encroachment which extends southward over navigable waters, including the 7.1-foot encroachment at the very southern tip of the pier, is on the submerged property leased to Walter Trent by the State. Cove Properties, Inc. v. Walter Trent Marina, Inc.,702 So.2d 472, 473 (Ala.Civ.App. 1997) (Cove I).
In 1996, Cove filed a declaratory judgment action against Walter Trent and requested injunctive relief, damages, "just compensation," and damages under 42 U.S.C. § 1983. Cove I. Walter Trent moved to dismiss Cove's complaint on the ground that the two-year statute of limitations of § 6-2-38(1), Ala. Code 1975, barred the complaint. Following arguments of counsel, the trial court dismissed Cove's complaint. Cove appealed. The Court of Civil Appeals affirmed the dismissal of Cove's claims for "just compensation" and for damages under 42 U.S.C. § 1983, but reversed the dismissal of Cove's claims for a declaratory judgment, for injunctive relief, and for damages. Cove I, supra. The Court of Civil Appeals remanded the cause for further proceedings. Id.
Following remand, on the ground that, because its encroachment occurred in "navigable waters," the encroachment could not have violated Cove's property rights, Walter Trent moved for a summary judgment on all of Cove's claims. In support of its motion, Walter Trent submitted a copy of "Amendment No. 1 to [Walter Trent's] Lease Agreement" with the State of Alabama, acting through the Commissioner of the Department of Conservation and Natural Resources; various maps; a letter from the director of the State Lands Division of the Department of Conservation and Natural Resources; and a boundary-line *Page 333 
agreement between Cove and the president of, and principal owner of, Walter Trent. The State had leased Walter Trent "a parcel of submerged land consisting of a wedge shaped area 7.1 ft. wide at its widest point and 150 ft. long and tapering to a point landward of the triangle base, containing 532.5 square feet, more or less." Cove responded in opposition to Walter Trent's motion and moved for a partial summary judgment in its favor. In support of its opposition and its own motion, Cove filed a copy of the deed to its property; an affidavit from Cove's former president, Dennis W. Bikun; excerpts of the deposition of Walter Trent's president and principal owner; a letter addressed to Walter Trent from the chief of the Regulatory Branch, Operations Division, of the United States Army Corps of Engineers, Mobile District; and a letter addressed to Walter Trent from the Alabama State Docks Department. Neither the Army Corps of Engineers nor the Alabama State Docks Department would express an opinion of Walter Trent's property rights to erect the pier.
On June 17, 1998, on the case action summary sheet, the trial court entered a judgment:
 "After oral argument and consideration of the briefs and supporting documents and authority submitted by the parties, [Cove's] Motion for Partial summary Judgment is denied. Further, [Walter Trent's] Motion for Summary Judgment is granted. All relief sought by [Cove] whether declaratory, injunctive, for damages, or otherwise is denied."
Cove filed a Rule 59, Ala.R.Civ.P., postjudgment motion for the trial court to vacate its judgment and to enter judgment in favor of Cove. Following a hearing, the trial court denied Cove's postjudgment motion. Cove appealed. The Court of Civil Appeals affirmed "that portion of the summary judgment pertaining to the parties' rights beyond the point of navigability, and [reversed] the summary judgment as it applies to the parties' property rights above high-water mark and the parties' riparian rights up to the point of navigability in Terry Cove." Cove II, 796 So.2d at 328-29.
The rights of riparian owners are stated in §§ 33-7-50
through 33-7-54, Ala. Code 1975. Section 33-7-50 states:
 "The owner of riparian lands upon navigable waters in the State of Alabama may install in front of their respective riparian lands wharves, docks, warehouses, sheds, tipples, chutes, elevators, conveyors and the like for receiving, discharging, storing, protecting, transferring, loading and unloading freight and commodities of commerce to and from vessels and carriers, and may use their riparian lands in connection therewith and dredge out and deepen the approaches thereto, and may charge and collect reasonable tolls for the use thereof. All such structures are to be subject to such lines and limitations as may at the time of making such improvements be laid or placed by any authority of the United States, or of the State of Alabama, who may have authority to control harbor and pier lines."
This section governs building rights not only on riparian lands and the overlying waters but also on the lands and overlying waters, including navigable waters, in front of riparian lands. "The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute." IMED Corp. v. Systems Eng'g Assocs. Corp.,602 So.2d 344, 346 (Ala. 1992). In interpreting a statute, "[w]ords used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a *Page 334 
court is bound to interpret that language to mean exactly what it says." Id. See also Ex parte Pfizer, Inc., 746 So.2d 960, 964
(Ala. 1999); Blue Cross Blue Shield v. Nielsen, 714 So.2d 293,296 (Ala. 1988); Tuscaloosa County Comm'n v. Deputy Sheriffs'Ass'n of Tuscaloosa County, 589 So.2d 687, 689 (Ala. 1991); Townof Loxley v. Rosinton Water, Sewer Fire Protection Auth., Inc.,376 So.2d 705, 708 (Ala. 1979). "If the language of [a] statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect." IMED Corp., 602 So.2d at 346.
The language of § 33-7-50 is plain and unambiguous. An owner of riparian lands may install a pier in navigable waters in frontof its riparian lands, subject to harbor and pier lines established by the United States or the State of Alabama, and with the caveat that such a pier may not unreasonably obstruct navigation. § 33-7-51. Expressio unius est exclusio alterius. The express inclusion of the words "in front of their respectiveriparian lands" excludes an interpretation that a riparian landowner has a right to erect a pier in front of the riparian lands of another. See Ex parte Kirkpatrick, 495 So.2d 1095 (Ala. 1986), and McMahan v. Yeilding, 270 Ala. 504, 120 So.2d 429
(1960).
Although the Court of Civil Appeals distinguishes property rights above the "high water mark," § 33-7-50 does not make such a distinction, and this Court rejected such a distinction in MobileTransportation Co. v. City of Mobile, 153 Ala. 409, 44 So. 976
(1907). Moreover, in Mobile Transportation Co., this Court opined that the State could not erect structures interfering with a riparian owner's rights. Thus, the lease of the submerged property to Walter Trent by the State did not give Walter Trent the right to erect a pier encroaching in front of Cove's riparian lands. Section 33-7-50 accords Cove the exclusive right to erect a pier in front of its riparian lands. Therefore, the Court of Civil Appeals erred in affirming that portion of the trial court's summary judgment "pertaining to the parties' rights beyond the point of navigability." The Court of Civil Appeals correctly reversed the "summary judgment as it applies to the parties' property rights above the high-water mark and the parties' riparian rights."
We reverse that portion of the judgment of the Court of Civil Appeals affirming that portion of the trial court's summary judgment "pertaining to the parties' rights beyond the point of navigability," and we affirm that portion of the judgment of the Court of Civil Appeals reversing the "summary judgment as it applies to the parties' property rights above the high-water mark and the parties' riparian rights." This cause is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Hooper, C.J., and Houston, Cook, Brown, and England, JJ., concur.
Lyons, J., concurs in the result.
Maddox, J., dissents.