[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 195 
The City of Orange Beach filed a complaint for a judgment declaring riparian rights and for a permanent injunction preventing William Benjamin and Margaret Benjamin from using or maintaining a pier they had constructed on Terry Cove, a body of water. Terry Cove lies across a dedicated street from the Benjamins' land, which is located in Orange Beach. After a bench trial, the trial court entered a judgment for the Benjamins. Orange Beach appealed; we reverse and remand.
The Benjamins own lots abutting Gulf Drive, a statutorily dedicated street in the Bear Point Heights subdivision in Orange Beach. Terry Cove, a navigable body of water, lies on the other side of Gulf Drive, immediately opposite the Benjamins' lots. Gulf Drive runs parallel to the water and along the water's edge. In 1994, Mr. Benjamin approached the city building inspector, seeking a permit to build a pier extending into Terry Cove at a point on the shoreline, across the street from the Benjamins' lots. Mr. Benjamin offered uncontroverted testimony that the building inspector had told him that Orange Beach's jurisdiction did not extend over the water and that he could build the pier, but that it should not touch the land, as to which the City of Orange Beach did have jurisdiction. The Benjamins constructed the pier later in 1994.
Orange Beach argues that, pursuant to § 35-2-51, Ala. Code 1975, dealing with the platting and dedication of public streets, it owns, in fee simple, the land underneath Gulf Drive and, thus, pursuant to §33-7-50, it has the riparian rights to the waters of Terry Cove by virtue of this dedicated street bordering a navigable body of water.
Riparian rights, which entitle the owner to construct waterfront improvements, belong to the owner of the fee in the riparian lands abutting the water. § 33-7-50, Ala. Code 1975; Ex parte CoveProperties, Inc., 796 So.2d 331 (Ala. 2000); Mobile Docks Co. v. City ofMobile, 146 Ala. 198, 40 So. 205, 208 (1906). Thus, the dispositive question is who owns the riparian lands that abut Terry Cove along Gulf Drive opposite the Benjamins' lots.
Section 35-2-51, Ala. Code 1975, states that a dedication of property to the public
 "shall be held to be a conveyance in fee simple of such portion of the premises platted as are marked or noted on such plat or map as donated or granted to the public, and the premises intended for any street, alleyway, common or other public use, as shown in such plat or map, shall be held in trust for the uses and purposes intended or set forth in such plat or map."
Pursuant to this statute, "a statutory dedication is deemed to convey title in fee simple to the governing body." Montabano v. City of MountainBrook, 653 So.2d 947, 949 (Ala. 1995); Johnson v. Morris, 362 So.2d 209,211 (Ala. 1978); Shelby Contracting Co. v. Pizitz, 285 Ala. 301, 309,231 So.2d 743, 749-50 (1970). The Benjamins do not challenge the validity of the statutory dedication of Gulf Drive, nor do *Page 196 
they contend that the portion of Gulf Drive in front of their property has been vacated. Because Gulf Drive has been properly dedicated to Orange Beach, the City owns in fee simple the land underlying the street. § 33-7-50. Thus, Orange Beach, as an "owner of riparian lands upon navigable waters," owns the riparian rights to the body of water adjoining Gulf Drive. § 33-7-50. Because the Benjamins have no riparian rights to the navigable waters adjoining Gulf Drive, they were not entitled to build and should not be permitted to use and maintain a pier extending into those waters. Ex parte Cove Props., Inc.,796 So.2d at 334.
The Benjamins cite Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419,433, 62 So. 712, 716 (1913), for the proposition that Orange Beach holds a mere easement over the property on which Gulf Drive was dedicated. InCloverdale Homes, this Court interpreted the predecessor statute to § 35-2-51 contrary to the plain language of the statute and held that the "ultimate fee" to a dedicated street presumptively remains with the abutting landowners. However, subsequent decisions of this Court have departed from that dubious holding. See Kizer v. Finch, 672 So.2d 511,514 (Ala. 1995); Montabano, 653 So.2d at 949; Johnson, 362 So.2d at 211; and Shelby Contracting Co., 285 Ala. at 309, 231 So.2d at 750. We have repeatedly said that, the "`[w]ords used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.'" Ex parte Cove Properties, Inc., 796 So.2d at 333
-34 quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346
(Ala. 1992). To the extent that Cloverdale Homes held, contrary to the unambiguous terms of § 35-2-51, that a statutory dedication of a street conveys something less to the governing body than a "fee simple" interest, it is expressly overruled.
The Benjamins also argue that Orange Beach should be estopped from denying the validity of the statement by its building inspector that Orange Beach had no jurisdiction as to the water in Terry Cove and that the Benjamins could build the pier. In State Highway Department v.Headrick Outdoor Advertising, Inc., 594 So.2d 1202, 1204-05 (Ala. 1992), this Court explained the applicability of the doctrine of estoppel to a municipal corporation.
 "Equitable estoppel is to be applied against a governmental entity only with extreme caution or under exceptional circumstances. First Nat'l Bank of Montgomery v. United States, 176 F. Supp. 768
(M.D.Ala. 1959), aff'd, 285 F.2d 123 (5th Cir. 1961); Ex parte Fields, 432 So.2d 1290 (Ala. 1983).
 "`Under the settled law, equitable estoppel . . . must be predicated upon the conduct, language, or the silence of the party against whom it is sought to be invoked. Said conduct, language, or silence must amount to the misrepresentation or concealment of a material fact or facts. The representation must be as to the facts and not as to the law.
 "`"The doctrine of equitable estoppel is not a bar to the correction . . . of a mistake of law."'
 "(Emphasis added.) 176 F. Supp. at 772, quoting Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 182 (1957)."
In Headrick Outdoor Advertising, this Court held that the State Highway Department could not be estopped from asserting the illegality of certain billboards, even though it had previously issued permits for their erection. 594 So.2d at 1205. Thus, it is settled law that for the doctrine *Page 197 
to apply "the representation must be as to fact or facts and not as to law." First Nat'l Bank of Montgomery v. United States, 176 F. Supp. 768,772 (M.D.Ala. 1959).
William Benjamin offered uncontroverted testimony that the building inspector for the City of Orange Beach told him that the City lacked jurisdiction as to the waters of Terry Cove and that he did not need a permit to build a pier that extended into Terry Cove. However, as previously explained, Orange Beach held the riparian rights to the waters adjoining Gulf Drive. Thus, the building inspector's statement that Orange Beach did not have jurisdiction as to the water was a misstatement of the law. Orange Beach should not be estopped from correcting this mistaken statement of the law. Headrick, 594 So.2d at 1205.
We reverse the judgment and remand the case for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and Houston, See, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.