I respectfully dissent. I would hold that the City is estopped from requiring Ms. Squires to obtain a special-use permit to operate her home day care. "[A]lthough the doctrine of estoppel is rarely applied against a municipal corporation, it may be applied in a proper case when justice and fair play demand it and where there has been a misrepresentation or concealment of a material fact." City of Foley v. McLeod,709 So.2d 471, 474 (Ala. 1998). The City issued Ms. Squires a business license allowing the operation of her home day care, and the City did not object to Ms. Squires's home day care until more than two years after issuing her a business license. Having obtained a business license from the City, Ms. Squires left her previous job and incurred considerable costs in starting her home day care. The Squireses presented evidence indicating that numerous businesses in the City, including day-care facilities, had been issued business licenses despite having not acquired variances or special-use permits as required by the City's zoning ordinance. The City's zoning-enforcement officer testified that Ms. Squires did everything that the City required her to do to obtain a business license.
Given these factors, the City essentially represented to Ms. Squires that it would not require her to obtain a special-use permit. In this sense, the present case is similar to Cityof Foley in that the City has misrepresented or concealed a material fact. See City of Foley, 709 So.2d at 474
("[T]he City's continued acquiescence amounted to a misrepresentation of a material fact, namely that it would not enforce the zoning ordinance. . . ."). I believe that the present case is distinguishable from City of Orange Beach v.Benjamin, 821 So.2d 193 (Ala. 2001), which, unlike this case, involved a clear mistake of law. Although estoppel is to be rarely applied against a municipality, justice and fair play require it in this instance.